## HOOKER VS. HYDE.

*September 26 — October 14, 1884.*

*(1, 2) Written contract: Parol evidence: Ambiguity. (3) Accord and satisfaction: Consideration.*

1. A letter containing an offer to pay a specified sum for certain services, and the acceptance of such offer evidenced by the performance of the services, constitute a contract in writing between the parties, and evidence of an antecedent or contemporaneous verbal agreement is inadmissible to vary or control such written agreement. [Whether parol testimony is admissible to show that such letter was not intended as an agreement but was written for another purpose, is not determined.]

2. A. offered in writing to pay B. $1,000 if the latter would "*help*" him to effect the sale of certain lands. In an action by B. to recover the said amount it was admitted that he had rendered the services required of him, and both parties, in their pleadings, construed the agreement to be that B. should use his best efforts to bring about the sale. *Held*, that parol evidence was not admissible to explain the word "help."

3. After B. had performed services for which A. had agreed to pay him $1,000, and after $100 had been paid, the parties met and A. told B. that he wanted to settle, that there was due the latter just $400, and that he wanted him to take his note for that sum; to all of which B. assented. *Held*, that the transaction did not amount to an accord and satisfaction. There was no consideration for an agreement by B. to take a note for $400 in discharge of his claim.

APPEAL from the Circuit Court for *Outagamie* County.

After alleging that the defendant owned a large tract of land in certain counties of this state, of great value, which he was anxious to sell, and that the plaintiff was a woodsman of experience and acquainted with such lands, the complaint proceeds as follows: "That on or about the 20th day of March, 1879, the said defendant desired this plaintiff to assist him in the sale of the aforementioned lands, and then and there promised this plaintiff if said tract of land, amounting to about thirteen thousand acres, was sold to the parties who

Hooker vs. Hyde.

were then negotiating for the purchase of same, defendant would pay to plaintiff the sum of $1,000; that thereupon plaintiff and defendant entered into an agreement whereby plaintiff agreed to use his best efforts to effect such sale, and defendant agreed, in case such sale was made, he, defendant, would pay plaintiff the sum of $1,000; that plaintiff has fully performed all the conditions of the said agreement on his part to be performed; that said lands were, within about sixty days from the time of entering into such agreement, sold to the parties so desiring to purchase the same; that thereupon there became due to this plaintiff from said defendant the sum of $1,000; that no part of same has been paid except the sum of $500; that demand has often been made of said defendant for the payment of the balance due, but same has not been paid, nor any part thereof." Judgment is demanded for $500 and interest.

The answer of the defendant, after admitting his ownership of such lands, and his desire to sell the same, proceeds as follows: "Further answering, this defendant alleges that on or about the 20th day of March, 1879, this defendant was negotiating with certain parties for the sale to them of the lands mentioned in the plaintiff's complaint, and that at or about said time this defendant entered into an agreement with the plaintiff whereby the said plaintiff promised and agreed to devote his time and services, and to use his best efforts, to bring about the sale of said lands to said parties, and this defendant agreed to pay to said plaintiff, in case such sale was made, in full consideration for the services to be rendered by said plaintiff as aforesaid, the sum of $500; that about sixty days after said agreement was made, as aforesaid, such sale was consummated, and thereafter, to wit, on or about the 1st day of September, 1879, this defendant duly paid to the plaintiff said sum of $500, which said sum was then and there paid by this defendant, and received, accepted, and retained by the plaintiff as and for a full and complete

payment and satisfaction for the services of said plaintiff in and about said sale, under said agreement, and for all claims and demands whatsoever by said plaintiff against this defendant; and, save and except as hereinbefore admitted, qualified, or explained, this defendant denies each and every allegation of the plaintiff's complaint herein."

The testimony and rulings of the court on the trial are sufficiently stated in the opinion. The court directed the jury to return a verdict for the plaintiff for the amount claimed, which they accordingly did. A motion for a new trial was denied, and judgment for the plaintiff entered pursuant to the verdict. The defendant appeals from the judgment.

*John Goodland*, for the appellant.

For the respondent the cause was submitted on the brief of *Weisbrod & Harshaw*.

LYON, J. The contract alleged in the complaint, upon which this action is founded, is that on March 20, 1879, the plaintiff agreed to use his best efforts to enable the defendant to make sale of a tract of pine land, belonging to the latter, to certain persons then negotiating therefor, in consideration whereof the defendant agreed to pay the plaintiff $1,000 for his services in case such sale was effected. The answer of the defendant admits the making of the contract stated in the complaint at or about the time therein stated, except it is alleged that the price stipulated therein for plaintiff's services was but $500. It is also substantially admitted in the answer, and not controverted by any testimony, that the plaintiff rendered the services required by the contract, and that the sale of such lands to the persons referred to in the contract was consummated.

The complaint admits the payment by the defendant to the plaintiff of $500 on account of such services, and the answer alleges that the same was received by the plaintiff in full payment and satisfaction therefor.

The parties thus agreeing upon all the terms of the contract, except the amount of plaintiff's compensation, also that the plaintiff had earned the stipulated compensation and had been paid $500 on account thereof, and the validity of the contract being unimpeached, the principal if not the only question of fact put in issue by the pleadings is whether the compensation therein stipulated for the plaintiff's services is $1,000 or only $500.

To prove his version of the contract, the plaintiff introduced a letter of the defendant, written to and received by him before he rendered such services, which reads as follows:

"APPLETON, March 20, 1879.

"*J. C. Hooker* — DEAR SIR: I have been talking with some men in Fort Madison, Iowa, by the name of S. Atlie, J. C. Atlie, and W. H. Kitsinger, of selling them my East Fork pine land. If you will help me about the matter, and I succeed in making the trade with these men, I will pay you $1,000, and all the time you spend in showing it up. Provided we do not sell, I will give you $2 a day. Now this is on condition that we sell the whole tract, 12,800 acres, or about that amount. Of course, I pay you for your time in any event. WELCOME HYDE."

That this letter, and the acceptance by the plaintiff of the proposition therein contained, which acceptance is evidenced by the rendition of the proposed services, constitutes, at least in form, a contract in writing between the parties, cannot be doubted. *Lowber v. Connit,* 36 Wis. 176; *Hutchinson v. C. & N. W. R'y Co.* 37 Wis. 582, 601; *Hubbard v. Marshall,* 50 Wis. 322. But the defendant sought to prove that it did not express the true contract in respect to the plaintiff's compensation. The real contract in that behalf he claimed rested in parol, and was made before the letter was written. He testified that, included in the $1,000 named in the writing, was $500 to be paid to one Butterfield, and, if not so used, the plaintiff was to return that amount to him if

already paid to the plaintiff. Also that the plaintiff informed him that Butterfield refused to take the money. In all other respects the written contract contains the terms of the alleged precedent parol contract.

Under the facts above stated, we are clear that the contract between the parties was reduced to writing, and that the alleged antecedent parol contract is merged therein. The written contract is not assailed for fraud or mistake. It is conceded to be the true contract of the parties save in one particular, and in that particular the defendant seeks to change its terms by parol testimony. In substance and effect, his contention is that, by virtue of such parol testimony, the contract evidenced by the writing should be altered by inserting, after his agreement therein to pay the plaintiff $1,000 for his services, a condition or further stipulation that, unless the plaintiff shall pay Butterfield $500, he shall only be entitled to $500 for such services. This would be a manifest violation of the rule everywhere recognized, that, in the absence of fraud or mistake, proof of antecedent or contemporaneous verbal agreements between contracting parties cannot be received to alter or control their written agreement. This court has steadily enforced the rule in all proper cases. See *Hubbard v. Marshall, supra,* and cases cited; also, *Breed v. Ketchum,* 51 Wis. 164; *Brown v. Everhard,* 52 Wis. 205; *Schultz v. Coon,* 51 Wis. 416; *Wiener v. Whipple,* 53 Wis. 298; *Hei v. Heller,* id. 415; *Gillmann v. Henry,* id. 465; *Green Bay & Miss. Canal Co. v. Hewett,* 55 Wis. 96; *Kirch v. Davies,* id. 287; *McDonald v. Gardner,* 56 Wis. 35; *Wayland University v. Boorman,* id. 657.

The learned circuit judge sustained objections to certain testimony that was offered on behalf of defendant to prove the alleged antecedent parol contract, and by directing a verdict for the plaintiff, he, in effect, ruled out all testimony of that character. We are satisfied that such rulings were correct.

Hooker vs. Hyde.

2. Counsel for defendant argued with great ingenuity and earnestness that the circuit court erred in excluding parol testimony tending to show that the writing was not intended to be an agreement, but that it was written for another purpose; and he cites several English cases to the effect that, under certain circumstances, such testimony is admissible. We need not stop to inquire whether the doctrine of those cases is or is not in conflict with any of our own cases,— notably with that of *Charles v. Denis*, 42 Wis. 56,— for the reason that the writing in question contained the agreement of the parties, and the parol evidence was not offered to show that there was, in fact, no contract in writing, but that a single condition resting in parol was omitted therefrom, which, if inserted, would vary one of the terms of the written contract. We believe no court has gone to the extent of receiving such testimony. The cases cited by the learned counsel to this point are *Rogers v. Hadley*, 2 Hurl. & C. 227; *Bartlett v. Parnell*, 6 Nev. & Man. 299; *Clever v. Kirkman*, 33 Law T. Rep. 672. To these may be added *Pym v. Campbell*, 6 El. & Bl. (88 Eng. C. L.) 370; *Foster v. Mackinnon*, L. R. 4 C. P. 704.

3. It is claimed that the written contract is ambiguous in that it does not specify the services plaintiff was to render, but only that he was to help defendant make the sale of his land, and that the court erroneously rejected testimony offered to explain such ambiguity by showing what was intended by the parties by the word " help " employed therein. This position is not well taken, for two reasons: (1) Whatever may be the sense in which the word is thus used, it is a verity in the case that the plaintiff performed the service required of him by the contract, be they more or less; hence the meaning of the word ceases to be of any importance in the case. (2) The contract is not ambiguous. It required the plaintiff to make every reasonable exertion in his power to assist the defendant to make sale of his lands

to the persons indicated. That is its legal construction. The complaint and answer both construe it as an agreement on the part of the plaintiff to use his best efforts in that behalf, and it is undisputed that he did so.

4. Lastly, it is argued that there is a question of accord and satisfaction in the case which the circuit judge erroneously ignored. The testimony of the defendant on this subject is that after the sale was effected the plaintiff wrote to him acknowledging the receipt of $100 on account of services, and offering to take the defendant's note for the balance, but not stating the amount of such balance; and that the parties met soon after at Merrillan and had a conversation. The defendant states what was said and done by them at that interview, as follows: " 'Now,' says I, ' we will settle this matter up.' ' All right,' says he. I says, ' Your due is just $400.' ' All right,' says he. 'Now, I will tell you just what I want you to do with me. I am hard up for money. I want you to take my note for ninety days.' ' All right,' says he. I just wrote a note and he took it. He made no claim for any further indebtedness. Nothing was said." Assuming that the answer contains the defense of accord and satisfaction, the transactions between the parties at Merrillan, as detailed by the defendant himself, fall far short of establishing such defense. He told the plaintiff he wanted to settle; that there was due him just $400, and asked plaintiff to take his note at ninety days for that sum,— to all which the plaintiff assented. There was no controversy between the parties which they were settling, and no consideration whatever for an agreement by plaintiff (if he so agreed) to accept the note in discharge of his claim under the contract. The transaction lacks every essential element of a valid accord and satisfaction. *Otto v. Klauber*, 23 Wis. 471.

We conclude that there is no error disclosed in the record, and hence the judgment must stand.

*By the Court.*— Judgment affirmed.