### WILLIAM BREWSTER v. JOHN POTRUFF.

*Parol agreement inconsistent with bill of sale.*

One cannot contradict his bill of sale by showing a parol contract inconsistent with its terms.

Error to Shiawassee. (Newton, J.) Oct. 10.—Oct. 15.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Wixom & Moseley* and *Hugh McCurdy* for appellant, cited *Fuller v. Parrish* 3 Mich. 211; *Picard v. McCormick* 11 Mich. 68; *Rowe v. Wright* 12 Mich. 289; *Trevidick v. Mumford* 31 Mich. 467.

*A. R. McBride* for appellee, cited *Vanderkarr v. Thompson* 19 Mich. 82; *Street v. Dow* Har. Ch. 427; *Savercool v. Farwell* 17 Mich. 308; *Martin v. Hamlin* 18 Mich. 354; *Adair v. Adair* 5 Mich. 209.

COOLEY, C. J. On October 31, 1881, plaintiff and defendant were severally owners of undivided interests in a field of wheat on land occupied by them, and plaintiff gave defendant a bill of sale, whereby, for the expressed consideration of $275, he bargained, sold and conveyed his interest in the wheat to defendant, with warranty of title. The sum named as the consideration was duly paid. Afterwards plaintiff brought suit in assumpsit, claiming that, notwithstanding the bill of sale, he was entitled, by oral agreement made at the same time, to a portion of the wheat, in case the quantity, when harvested, exceeded 800 bushels, which it did.

On the trial plaintiff offered to show that at the time of giving the bill of sale this additional oral agreement was made. The evidence was objected to, the objection sustained and the defendant had judgment.

The plaintiff claims that this case is within decisions made by this Court, in which it has been held that a bill of sale is not supposed to embody the terms of the contract, but is given merely to evidence the transfer of title, and therefore does not stand in the way of showing by parol what the actual contract was. *Picard v. McCormick* 11 Mich. 68; *Rowe v. Wright* 12 Mich. 289; *Trevidick v. Mumford* 31 Mich. 467.

These cases are not in point. They are cases where what was proposed to be shown was not inconsistent with the bill of sale. It was not attempted in this case to show a parol contract which could stand with the bill of sale, and be consistent with a transfer of title by it; but to show that that instrument, though it purported to evidence a transfer, was in fact to transfer a part of the wheat only. In other words the plaintiff proposed to contradict the bill of sale itself. But this was plainly inadmissible.

The judgment is right, and must stand affirmed.

The other Justices concurred.