McCormick Harvesting Machine Company v. Markert.

**Sales:** ACCEPTANCE. Where plaintiff filled defendant's order for a certain chattel within the specified time, no other acceptance of such order, or notice thereof, was necessary.

COUNTERMAND: *Agency.* An order for a manufactured chattel, given to an agent of the manufacturer, was not countermanded when the purchaser notified another agent that he wished the order returned to him, which request was not communicated to the principal.

DAMAGES.  In an action on an executory contract for the purchase of a manufactured chattel, the seller was entitled to recover the contract price with interest where it had offered to deliver such property within the specified time, and the purchaser had refused to receive it.

TENDER.  No specified tender by a vendor of personal property to his vendee is necessary where the latter refused to recognize the contract or receive anything under it.

Transfer to Law Docket:  HARMLESS ERROR.  Defendant was not prejudiced by a refusal to transfer to the law docket an action erroneously brought as an equitable proceeding, where the pleadings, under the undisputed evidence, presented nothing but issues of law.

MOTION:  *Time for.*  Defendant's motion to transfer the cause to the law docket after his demurrer was overruled and an answer filed is not too late under Code, 1873, section 2519.

DEMURRER AND MOTION.  The objection that the facts stated in a petition disclose that the action is cognizable in law and not in equity cannot be raised by demurrer.

Evidence:  PAROL VARIANCE.  Parol evidence is inadmissible to show that a written order absolute in its terms was conditional.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, JANUARY 26, 1899.

PLAINTIFF'S petition is in equity.  It recites, in substance, that defendant ordered from it a harvester and binder, to be delivered at Manson on or before July 1, 1897; that he agreed to pay therefor the sum of one hundred and thirty-five dollars, as follows:  Twenty dollars on the first day of July, 1897, and the remainder in three equal installments, payable January 1st of the years 1898, 1899, and 1900, respectively.  It is further averred that plaintiff performed its part of the contract, and tendered the machine to defendant prior to July 1, 1897, and that it is now ready and willing to deliver the same; and the prayer is that defendant be required to specifically perform said contract, or that plaintiff have judgment for the sum of one hundred and thirty-five dollars, with interest.  The defenses will be mentioned later.  After issue joined, the cause was tried to the

court. There was a decree for plaintiff, from which defendant appeals.—*Affirmed.*

*B. B. Foster* and *H. C. Preston* for appellant.

*Stevenson & Lavender* for appellee.

Waterman, J.—Defendant demurred to the petition on the ground that the facts stated therein disclosed that the action was cognizable at law, and not in equity. This demurrer was overruled, as we think, properly. The question presented could not be raised by demurrer. *Bibbins v. Clark,* 90 Iowa, 230, 241.

II. After the ruling on demurrer, defendant filed an answer, and thereafter a motion to transfer the cause to the law docket. The motion was overruled. We think the court erred in this ruling. That this is a law action, pure and simple, needs no argument to show; and we know of no reason for saying that the motion was not made in time, under section 2519, Code 1873. The cause being properly cognizable at law, defendant was entitled to a jury trial, if he chose to demand it; and the action of the court in retaining and trying it as an equitable proceeding afforded just ground for exception. *Watson v. Batholomew,* 106 Iowa, 576.

III. It remains to be seen whether there was any question in this case for a jury to pass upon. If the issues were such that the court would have had to try them in any event, the error committed was without prejudice. The order given by defendant for the machine was in writing, and it was absolute in terms. The defense is that it was conditional; that defendant countermanded it, and that it was never accepted by plaintiff, or, if so, that defendant was never notified of such acceptance; and that no particular machine was ever set apart or tendered to defendant. Under the well-known rule, parol evidence was inadmissible to show that the order was conditional, and this was the only evidence offered.

The rule is not different in case of a written order which is accepted orally. *Hooker v. Hyde,* 61 Wis. 204 (21 N. W. Rep. 52). The order was taken by one McNaughton, an agent of plaintiff. Some time after, defendant went to Manson, and notified one Kenning, who was plaintiff's local agent at that point, that he wished the order returned to him, and Kenning responded that he would try and get it. Nothing was ever said or written to plaintiff on the subject. This did not amount to a countermand of the order.

IV. Again, it is said that the order was not accepted by plaintiff, or that defendant was not notified of such fact. It was enough that plaintiff filled the order within the specified time. No other acceptance or notice was necesary. *Muscatine Water Co. v. Muscatine Lumber Co.,* 85 Iowa, 112; *Griffin v. Bristle,* 39 Minn. 456 (40 N. W. Rep. 523).

V. Further, it is said that no particular machine was ever tendered to defendant. Inasmuch as he refused to recognize the contract or receive any machine under it, no specific tender was necessary. *Williams v. Triplett,* 3 Iowa, 518. It will be seen from what has been said that every issue presented by the pleadings resolves itself, under the undisputed evidence, into a question of law, which in any forum would have had to be determined by the court. The defendant was therefore in no way prejudiced by the court's refusal to transfer the cause to the law docket.

VI. Finally, defendant complains of the damages awarded. The trial court gave judgment for the price of the machine, with interest. This we think was correct. The rule in cases of this kind is stated in *Scale Co. v. Beed,* 52 Iowa, 307, as follows: "When everything has been done by the vendor which he is required by his contract to do, and the manufactured property, in its completed condition, is tendered to the purchaser, and he refuses to receive it, and it is held by the vendor for the

purchaser, the vendor may recover the contract price. The result of the judgment in such cases would be to vest in the purchaser the title to the property." See, also, *McAllister v. Safley,* 65 Iowa, 719. The judgment of the district court is AFFIRMED.