(91 N. W. Rep. 39.)

---

WITTE MANUFACTURING COMPANY *vs.* J. J. REILLY, *et al.*

---

**Sale—Cash on Delivery—Waiver.**

On a contract, for the sale of personal property, which provides that payment shall be made in "cash when the goods are delivered," the provision for cash payment on delivery may be waived by the acts or conduct of the seller.

**Delivery.**

An unconditional delivery of property to a carrier under such a contract is a delivery thereof to the purchaser.

**Waiver of Conditions.**

Whether there has been a waiver of the conditions of a contract by an apparently unconditional delivery is a question of fact, to be determined from such delivery and all other facts in the case, including declarations and conversations of the parties tending to show what the intent of the party delivering was.

**Improper Evidence.**

On the trial the following question was asked the plaintiff and answered under objection: "Did you ever, Mr. Witte, intend to part with the goods except as they were paid for with cash?" *Held* prejudicial error.

Appeal from District Court, Cavalier County; *Sauter, J.*

Action by John C. Witte, doing business as the John C. Witte Manufacturing Company, against J. J. Reilly and D. P. Jameson. Judgment for plaintiff. Defendants appeal. Reversed.

*Cleary & McLean* and *John H. Fraine,* for appellants.

*Charles G. Laybourn,* for respondent.

MORGAN, J. This is an action in claim and delivery, brought to secure the possession of certain drug-store fixtures, consisting of wall cases, prescription counter, and show cases.

The trial in the court below resulted in a verdict for the plaintiff.

A motion for a new trial, based on a statement of the case, was denied. This appeal is from the order refusing to grant a new trial. Errors are assigned on the introduction of evidence, duly objected to, and the refusal to grant a new trial, and there are other assignments of error. The facts, as developed at the trial, so far as material in the determination of this appeal are as follows: The plaintiff is a manufacturer of store fixtures, and does business in Minneapolis in the name of the John C. Witte Manufacturing Company. The defendant Reilly is engaged in the drug business at Milton, N. D. On or about October 25, 1897, the defendant went to the plaintiff's place of business at Minneapolis for the purpose of securing the prices of such fixtures as he desired to purchase. He there met the plaintiff, and a general conversation followed as to what the defendant desired to purchase. The defendant, however, was not then able to give the exact measurements of the building in which he intended to use such fixtures. No definite arrangements were concluded at this meeting in regard to the purchase of such goods, for the reason that such measurements were not at hand, and for the reason that Reilly wished to obtain prices from other manufacturers. It was therefore agreed that the defendant should send plaintiff the exact dimension of his store upon his arrival at Milton, after which the plaintiff would send the prices of the goods, which were to be the lowest cash prices. The defendant sent the measurements, and the plaintiff thereafter sent to the defendant the prices for the fixtures in the following letter to the defendant:

"Minneapolis, Minn., Nov. 2, 1897. J. J. Reilly, Milton, N. D. —Dear Sir: We will make and deliver on board cars in the city of Minneapolis, in good order, the following store fixtures, according to plans and specifications furnished by us and approved by you, all exposed work to be made of oak finished in the best possible manner, for the sum of $290 cash when work is delivered. Yours truly, J. C. Witte Mfg. Co.

"Signed and accepted by J. J. Reilly."

This letter and the acceptance in writing of its terms by Reilly constitute the contract under which the fixtures therein described were agreed to be sold and delivered. Show cases were also agreed to be sold under an offer from plaintiff, duly accepted by defendant, but the details of that contract will not be mentioned, as the case will be disposed of on the ground that evidence was received on the trial erroneously which was prejudicial and must result in the granting of a new trial. The plaintiff immediately commenced the manufacture of the fixtures upon receipt of the accepted order, which was about November 6th. On December 6th the plaintiff delivered these goods to the Great Northern Railway Company at Minneapolis, consigned to the defendant at Milton. The plaintiff took a bill of lading from the railway company, in which Reilly was named as consignee, and immediately sent it to him at Milton. He also wrote him a letter on the same day, explaining the delay in

manufacturing the fixtures. He also then sent him a statement of the fixtures sent and the prices as hitherto agreed upon. In none of these inclosures was there any statement that the purchase money should be immediately remitted, nor was there anything in them about payment at all. On December 22d plaintiff again wrote defendant asking him for an explanation why the fixtures had not been taken by the defendant from the freight depot, as the company's agent had written plaintiff that the goods had arrived at Milton. There was nothing said in this letter about payment or remittance of the money due on the purchase. The defendant answered this letter and explained that the goods had been there only a day or two, and asked plaintiff for the proper freight rate, as he thought he had been compelled to pay too much freight and had paid it under protest. On December 27th the plaintiff wrote him, in answer to this letter, and stated what the proper freight rate was. He said nothing in such letter about the condition under which he now claims that he had delivered the fixtures to the company, nor did he say anything as to remittance of the purchase money. The defendant, Reilly, did not remit any money on account of the purchase price, nor mention the subject in any of his letters. On January 6, 1898, plaintiff again wrote to Reilly, but his letter is not produced. The plaintiff testified: "And I wrote him again on the 6th of Jan., and when I found that Dr. Reilly didn't keep his agreement I went to my atty. and asked him to go and replevin the goods and get them in my possession again. Then this suit was commenced." The suit was actually commenced on March 24th. Before such date the fixtures had been sold to the defendant Jameson; when sold, does not appear. No question is raised on this appeal growing out of such sale. It is stipulated that no point be raised on behalf of the defendant Jameson. The evidence bearing on the question of such sale to Jameson is not produced in this court, and the appeal is to be determined as though no sale had been made.

On the trial it was contended by the defendants that the delivery of the goods was unconditional, and passed the title and possession thereof to the defendant Reilly completely and without any reservation. On the part of the plaintiff it was contended that such delivery was made pursuant to the terms of the agreement for a sale, and therefore conditional, and that the title did not pass until payment was made. Whether the title passed, by the delivery to the carrier, to the defendant Reilly, became a material issue on the trial. The contract under which these goods were manufactured and delivered provided that the goods were to be paid for in "cash when the work was delivered." The contract did not ripen into a completed sale until there had been a delivery and a payment, unless there was a waiver of the terms of the contract. Under such contract, delivery and payment were to be concurrent acts. The plaintiff was therein obligated to deliver the property, and the defendant was obligated thereupon to pay for it. Either or both of these conditions of the

contract might be waived by the parties. The plaintiff could waive the condition that payment must be made when the goods were delivered, and the defendant might pay for them before delivery. Whether the condition of the contract that payment should be made when the goods were delivered was waived by the plaintiff, by delivering them without any express conditions made at the time of the delivery, was an issue at the trial. On the trial, the plaintiff's attorney asked the plaintiff, while testifying, the following question: "Did you ever, Mr. Witte, intend to part with the goods except as they were paid for with cash?" The question was objected to on proper grounds stated, and the objection overruled. The witness answered the question in the negative, and appellants urge that the admission of such answer was prejudicial error. Whether the conditions of a contract had been waived in any case is a question of fact to be determined from a consideration of all of the evidence in the case, including the contract, conversation, declarations at the time of delivery, all other facts or circumstances connected with the case and the delivery.

Before the title passes to the purchaser in cases of sales for cash, where delivery and payment are to be concurrent acts under the contract, the intent with which the delivery was made becomes a material question. The condition would not of necessity be waived if nothing is said when the delivery is made as to the intent in making such delivery. If the intention that the delivery is conditional can be inferred from the conduct and acts of the party delivering, then the title will not pass. It is optional with the seller whether he will waive the condition by an unequivocal and unrestricted delivery or not. If he delivers the property unconditionally, such delivery, considered alone, is presumptive evidence of a waiver of the condition that title shall not pass until payment is made. *Fishback v. Van Dusen*, 33 Minn. 117, 22 N. W. Rep. 244; *Scharff v. Meyer*, 133 Mo. 428, 34 S. W. Rep. 858, 54 Am. St. Rep. 672; Mechem, Sales, § 549; *Haskins v. Warren*, 115 Mass. 514; *Hammett v. Linneman*, 48 N. Y. 399; Benj. Sales, p. 282. This presumption is subject to be overcome by the acts or declarations of the seller or the circumstances surrounding the delivery, although not immediately connected therewith or occurring at the immediate time of the delivery. *Hammett v. Linneman*, supra. The purposes of such delivery as shown by facts may be given as bearing on the intent with which it is made. *Rosenbaum v. Hayes*, 5 N. D. 476, 67 N. W. Rep. 951.

An unconditional delivery to a carrier for shipment to the purchaser is a delivery to the purchaser. Mechem, Sales, § 739.

The delivery to the carrier in this case was apparently unconditional, but such delivery was not conclusive evidence that the condition that the price was to be paid on delivery was waived. The plaintiff had a right to rebut the prima facie effect of such unconditional delivery by showing any facts or circumstances existing at

the time, or that existed before the delivery, in explanation of such delivery or as showing his intention or reasons or purposes in so delivering the property.

The question objected to by the defendants related to the undisclosed and secret intention of the plaintiff at the time of the delivery. It called for no fact existing outside of the plaintiff's mind. It called for a bald conclusion as to the plaintiff's intent, unsupported by anything occurring at the time of the delivery as a fact, to show an intention by the delivery contrary to what the act itself imported. To permit a contradiction of the legal effect of such delivery by his secret and undisclosed intention would, in our opinion, be going too far even under the wide latitude allowed to show the intention of parties in the performance of particular acts. That would be permitting the plaintiff to change the relations between himself and the defendant, as created by his acts, by stating his own unspoken intention. What his intention was, was a question of fact to be found by the jury from facts shown in evidence, irrespective of his own unexpressed intent. "Hence the important question, in determining whether there has been a waiver of a condition of sale, is, has the vendor manifested, by his language or conduct, an intention or willingness to waive the condition, and make the delivery unconditional and the sale absolute without having received payment or the performance of the condition of sale? This must depend on the intent of the parties at the time, to be ascertained from their conduct and language, not from the mere fact of delivery alone. It may be proved by various species of evidence: by declaration, by acts, or by forbearance to acts." *Fishback* v. *Van Dusen,* supra. See, also, Mechem, Sales, § 551; *Railroad Co.* v. *Kinchen* (Ga.) 29 S. E. Rep. 816; *Sutter* v. *Rose* (Ill.) 48 N. E. Rep. 411; *Germain* v. *Lumber Co.,* (Mich.) 74 N. W. Rep. 644; *Zimmerman* v. *Brannon,* (Iowa) 72 N. W. Rep. 439. "In a sale of specific chattels an unconditional delivery to a buyer or his agent, or to a common carrier consigned to him, whether a bill of lading is taken or not, is sufficient to pass the title if there is nothing to control the effect of it. If the bill of lading or written evidence of the delivery to a carrier be taken in the name of the consignee or be transferred to him by indorsement, the strongest test is afforded of the intention to transfer the property to the vendee. * * * If the vendor intends to retain the right to dispose of the goods while they are in course of transportation, he must manifest that intention at the time of their delivery to the carrier. It is not the secret purpose, but the intention as disclosed by the vendor's acts and declarations at the time, which governs." *Wigton* v. *Bowley,* 130 Mass. 252. "Consigning the goods without restrictions to the purchaser, or assigning and transmitting to him a bill of lading, are strong evidences of an intention to pass the title, and cannot be controlled by secret determinations to the contrary." Mechem, Sales, § 740. "A mere mental act on the part of the seller will not suffice if it be not accompanied by some outward act in-

dicative of a purpose, and legally sufficient to retain a hold upon the title other than the mere right of stoppage in transitu." Mechem, Sales § 771. The cases cited by the appellants to show that the question was a proper one are not in point upon the facts of this case. They refer to direct evidence of a person's intent when charged with fraud or with a felonious homicide, or whether fraudulent representations were relied on, or as affecting damages in actions for malicious prosecutions and other similar actions. For these reasons we conclude that the admission of the answer to the question objected to was erroneous. The jury was thereby allowed to consider the unexpressed intentions of the plaintiff in delivering the goods to the carrier, and thereby to defendant, although inconsistent with the act of delivery itself. If the delivery was unconditional, the terms of the contract were thus waived by such delivery, and the plaintiff's intention, unexpressed, cannot be shown in contradiction of the legal effect of such delivery. Such testimony was of a character that would influence the jury to believe that there was no waiver of the condition of the contract, and its admission was without doubt prejudicial.

The order refusing a new trial is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.