## W. J. Gibson v. Chicago Packing & Provision Co.

1. SALES—*When the Title Passes, Where There is Something to be Done by the Buyer on Which the Passing of the Property Depends.*—Where the buyer is by the contract bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition is fulfilled, even though the goods may have been actually delivered into the possession of the buyer.

2. SAME—*Rules as to Passing of Title Subject to Intentions of the Parties.*—The rules as to the passing of title to goods sold are always subject to the intention of the parties.

3. SAME—*To Constitute a Conditional Delivery, it is Not Necessary that the Vendor Should Declare the Condition in Express Terms.*—To constitute a conditional delivery, it is not necessary that the vendor should declare the condition in express terms at the time of the delivery. It is sufficient if the intent of the parties that the delivery be conditional can be inferred from their acts and the circumstances of the case.

**Replevin.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed May 19, 1903.

A. G. WAITE, attorney for plaintiff in error; WILLIAM R. BURLEIGH, of counsel.

MORAN, MAYER & MEYER, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is a writ of error sued out to reverse a judgment of the Circuit Court in an action of replevin.

Upon the trial below it appeared that March 7, 1889, the Chicago Packing & Provision Company sold to one C. T. Northrup "thirty-five tierces yellow grease, at three and one fourth cents per pound; sixteen tierces light brown grease and fifteen tierces brown grease, at three cents per pound; and gave to him the following memorandum of sales:

> " CHICAGO PACKING & PROVISION COMPANY.
>                                                    CHICAGO, 1899.
> Date of Sale.................................
> CHICAGO PACKING & PROVISION CO., UNION STOCK YARDS:
>   Deliver to C. T. Northrup,
>       35 tierces yellow grease marked A,
>       15 tierces brown grease marked C,
>       16 tierces light brown grease marked B.
>                   CHICAGO PACKING & PROVISION CO.,
>                             Per.........................
> Sale No................................................

March 3d, Northrup met W. J. Gibson on the Chicago Board of Trade, and Gibson claims, sold to him at $3\frac{1}{4}$ cents per pound, the grease Northrup had purchased from the packing company.   The packing company claims and Northrup testifies that he merely turned over to Gibson the trade he had made with the packing company.   Confirmation slips of the transaction between Northrup and Gibson were exchanged, such slips being as follows:

" No. 375.                                   CHICAGO, 3-3, 1899.
   I hereby confirm sale made by me to-day subject to the rules of the Chicago Board of Trade, to W. J. Gibson & Co., 1 carload yellow grease, brand C. P. Co., at $3\frac{1}{4}$ cents, prompt shipment.
>                             C. T. NORTHRUP,
>                               Rialto Bldg., 603."

The memorandum given by the packing company to Northrup having been indorsed by him, was by him delivered to Gibson.   March 3d, Gibson's agent went to defendant in error's warehouse with instructions to inspect the goods and take them out the next day.

Plaintiff's agent at the warehouse declined to deliver the goods to Gibson until he had communicated with its down town office, which he did by telephone and telegraph; he

afterward permitted Gibson to take the goods from the packing company's warehouse, which was done in the forenoon of Saturday, March 4th. Saturday afternoon, Gibson was served with a garnishee summons at the suit of a creditor of Northrup's. The following invoice of the goods was made out by the packing company to Gibson:

8215.                              MAR. 4,    9.
McCurries Teams.
       Cash.          W. J. GIBSON & Co.
                                        City.
A.  35 Tcs. Chgo. yellow grease,    149.14
                                     25.90
                                   ───────
                                    123.24
            Less soakage,              .35
                                   ───────
                                    122.89   at 3¼   399.39
C.  15 " Chgo. brown grease,         63.29
                                     11.07
                                   ───────
                                     55.22
            Less soakage,              .15
                                   ───────
                                     52.07   at 3    156.21
B.  16 " Neb. light brown grease,    67.92
                                     11.44
                                   ───────
                                     56.48
            Less soakage,              .16
                                   ───────
                                     56.32   at 3    168.96
N.   4 " Neb. dark brown grease,     16.95
                                      2.92
                                   ───────
                                     14.03
            Less soakage,              .04
                                   ───────
                                     13.99   at 2¾    38.47
                                                   ───────
                                                   $763.03

This invoice was not sent until the morning of Monday, the 6th of March, nor until after the packing company had

learned of the garnishment.    Upon presentation of the invoice to Gibson, payment was demanded from and refused by him, he giving as a reason for not paying, that he had been garnisheed by a creditor of Northrup's.    The packing company and Gibson each consulted its attorney and a meeting was had by representatives of plaintiff and defendant and their respective attorneys.    At this meeting Gibson again gave as a reason for not paying the packing company for the grease, that he had been garnisheed by a creditor of Northrup's.

The attorney for the packing company suggested that Gibson pay it for the grease, receiving in return from the packing company a bond of indemnity against the garnishee proceedings.    This Gibson declined to do, whereupon it was suggested that the packing company bring against Gibson an action of replevin.    Thereupon, at this interview the packing company demanded and Gibson refused to give possession of the goods.

The memorandum of sale issued by the packing company does not conform to the confirmation paper given by Northrup to Gibson, the memorandum of sale being for thirty-five tierces of yellow grease; fifteen tierces of brown grease and sixteen tierces light brown grease; while the confirmation is for one carload of yellow grease, brand C. P. Co.    It is established by the testimony of Northrup that his intention was to turn over to Gibson the trade for grease he had made with the packing company.    In the action of replevin Gibson claimed that he bought the grease directly from Northrup and consequently was bound to pay Northrup therefor.    The packing company contended, as Northrup testified, that he had turned the trade over to Gibson and that the packing company sold the goods to Gibson for cash on delivery; and that Gibson having failed to pay in accordance with the contract of sale, it was entitled to retake possession of the goods.

It is undisputed that whatever sales of the grease were made, they were in accordance with the rules of the board of trade, for cash on delivery.

The memorandum issued by the packing company, it is

claimed by Gibson, entitled Northrup to possession of the goods; and that by the indorsement of such delivery order, he, Gibson, became entitled to possession.

It is undisputed that this delivery order was conditioned upon payment cotemporaneous with the delivery of the goods.

If the transfer of this order to Gibson entitled him to the goods, it entitled him only upon condition that the goods should be paid for when delivered. If Northrup, as he testifies, told the packing company that he was out of the trade, having turned it over to Gibson, the packing company would reasonably think that it delivered the goods upon a sale of them to Gibson. If Gibson, as he testifies, understood, not that Northrup had turned the trade over to him, but that he, Gibson, had purchased the goods from Northrup and was to pay Northrup for them, then the delivery of the goods by the packing company to Gibson was made under a mutual mistake as to the situation. If such be the case, the packing company is entitled to retake the goods and the judgment in replevin entered in its favor was proper.

If, on the other hand, the packing company sold the goods for cash to Gibson, the question arises whether, having delivered the goods to him on Saturday and not having sent to him an invoice, nor demanded payment until Monday, it can maintain its action of replevin.

The rule as to the passing of property upon sales of chattels is stated by Benjamin on Sales, section 320, as follows :

" Where the buyer is by the contract bound to do anything° as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer."

Such rule was acted upon in the case of Bishop v. Shillito, 2d Barnwell & Alderson, 329, note A; and in Shepherd v. Harrison, Law Reports, 4 Queen's Bench, 196–203–208, and in Barrow v. Coles, 3 Campbell, 92.

The rules as to the passing of title to goods sold are always subject to the intention of the parties.    Graff v. Fitch, 58 Ill. 373-277.

Whether in the present case there was an intention that the title to the goods should vest in Gibson without payment by him, was a question of fact, the evidence as to which was such that this court ought not to interfere with the judgment of the court below as to such matter.

If there was a sale of the goods by the packing company to Gibson, as there was an actual delivery without a cotemporaneous payment, it being undisputed that all sales were for cash, the question presented is whether the packing company by its delivery meant to waive the condition of payment attached to the sale.    In other words, whether the delivery to Gibson was conditional or absolute.

To constitute a conditional delivery, it is not necessary that the vendor should declare the condition in express terms at the time of the delivery.    It is sufficient if the intent of the parties that the delivery is conditional can be inferred from their acts and the circumstances of the case. After a sale has been made conditioned to be for cash, and a delivery has taken place upon the intention that the purchase money will be shortly paid, the delivery would ordinarily be conditional without there being an express declaration to that effect, because there is an implied understanding that the purchaser will act honestly and pay cash at once as he had agreed.    He thus takes the goods subject to the contract.    Fishback v. VanDusen, 33 Minn. 111; The Empire State Type Foundry Co. v. Grant, 114 N. Y. 40-43; Whitwell v. Vincent, 4 Pickering, 449-451; Reed v. Upton, 10 Pickering, 522-524.

It may properly be added that the court ought not in this case to be swift to hold that the action of replevin can not be maintained, and that the remedy of the Packing Company was in assumpsit, as there seems to have been a mutual arrangement that the rights and obligations of the parties to this suit growing out of the transaction as to this grease should be determined in an action of replevin.

The judgment of the Circuit Court is affirmed.