### LEAVITT v. ROSENTHAL et al.

(Supreme Court, Appellate Term.   November 6, 1903.)

1. SALES—REPRESENTATIONS TO OBTAIN CREDIT—RELIANCE—EVIDENCE.

In replevin to recover goods on the ground that the buyer had made fraudulent representations to secure credit, testimony by the plaintiff that he had previously limited the buyer to a credit of a certain amount, and that when the order for the goods was brought in the plaintiff saw

the buyer, and told him that he would not deliver any goods except C. O. D., to which the buyer replied to send the goods C. O. D., was sufficient to show that any representations made by the buyer were not relied on by the plaintiff in making the sale.

2. SAME—PASSAGE OF TITLE.

Where the seller of goods notified the buyer that they would be delivered only C. O. D., but the goods were delivered and not paid for at the time, and there was nothing further to show that the seller intended that delivery should not be complete until payment was made, the buyer obtained a perfect title.

3. REPLEVIN—IDENTIFICATION OF PROPERTY.

In replevin to recover a quantity of paint on the ground that title had not passed to the buyer because of his failure to make payment on delivery as agreed, it appeared that the person in possession of the paint taken under the writ had purchased the same from a third person, who testified that he did not know the person to whom the plaintiff sold the paint, and had never seen him. It did not appear where this third person obtained the paint. Plaintiff had many customers to whom he sold the same brand of paint marked in the same way, and the paint seized differed in no respect from that sold to other persons. *Held*, that there was no sufficient identification of the property.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Leavitt against Joseph Rosenthal and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Sanders & Feltenstein, for appellants.
Steuer & Hoffman, for respondent.

FREEDMAN, P. J. This action was in replevin to recover a quantity of paint which was taken from the possession of one Harris Glass, sued as John Doe, the defendant Rosenthal not appearing.

The plaintiff seeks to recover upon two theories. The first is alleged fraudulent representation to induce credit in obtaining the goods in question, and the second that the goods were sold to be paid for on delivery. The first theory is effectually disposed of by the plaintiff's own testimony. The goods sold by plaintiff were sold to one Rosenthal, whom, previous to the sale of the goods for which this action was brought, plaintiff had limited to a credit of $30. When the plaintiff's salesman brought in the order from Rosenthal for the goods in question, the plaintiff says he saw Rosenthal, and told him "that I have given him a limit of $30, and that he still owed me a bill of $21, and that I would not positively deliver any goods, only on a C. O. D. basis, and he said, 'All right, you can send the goods C. O. D.'" It thus appears that, notwithstanding any previous representation made by Rosenthal as to his standing, they were not relied upon by plaintiff, and his only basis for maintaining this action, if any, is that the goods were sold for cash, and that Rosenthal failed or refused to pay for the same upon delivery. As to this position the plaintiff testifies that he delivered the goods in question March 3, 1902. Whether he made a demand for payment at that time does not appear. He says: "I delivered the goods on the 3d. I think it was on the 5th that I heard a rumor he was to be sold

out by an auctioneer. I went up to see him. I told him what I had heard. He said, 'It is no such thing.'" At this time it appears that a portion of the goods were in Rosenthal's store and a portion had evidently been sold. The goods in question, so far as the testimony goes to show, were on March 3d delivered to Rosenthal unconditionally. No payment was then exacted or given. There is nothing in the evidence from which it can be inferred that there was an agreement on the part of Rosenthal or an intention on the part of the plaintiff that delivery should not be considered complete until payment was made, except the statement of plaintiff that some time before he delivered the goods to Rosenthal he told Rosenthal that they must deal on a C. O. D. basis. This is overcome by the fact that subsequently the goods were delivered unconditionally, and plaintiff's only excuse for not asking for his money until March 5th was that "he had no time to call." I think under these circumstances Rosenthal must be deemed to have obtained a perfect title to the goods, and that plaintiff had neither title nor right of possession thereto. Smith v. Lynes, 5 N. Y. 41; Comer v. Cunningham, 77 N. Y. 391, 33 Am. Rep. 626.

The plaintiff must also fail for other reasons. There was no identity of the goods shown. The defendant Glass purchased by a bill of sale a quantity of paint from one Hoffman, and Glass testifies that the paint replevied and taken was the same paint so purchased by him of Hoffman. Who Hoffman purchased the paint of, or to whom Rosenthal sold the paint he purchased of plaintiff, does not appear. No connection whatever is shown between Rosenthal and Hoffman. Glass testified that he never saw Rosenthal and never knew him. Plaintiff, it was shown, did a large business, having many customers to whom he sold the same brand of paint, marked in the same way. The boxes of paint found in possession of Glass did not differ in any respect from boxes sold to others. There was no sufficient identification of the paint taken under the replevin process with the paint sold Rosenthal to authorize a judgment as herein given for a return of the possession thereof to the plaintiff, or its value in case a return could not be made.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.