(100 N. W. 253.)

---

REEVES & COMPANY v. JOHN BRUENING.

Opinion filed May 31, 1904.

**A Written Order for Purchase of Machinery With Terms and Description Becomes a Contract When Accepted.**

1. A written order for machinery to be shipped to the purchaser, which fully describes the machinery and the terms under which it is to be purchased, becomes a contract by the unconditional acceptance of such order.

**Such Order May Be Revoked Before Acceptance.**

2. Until acceptance such order is not a contract, and may be revoked, but not after acceptance.

**Acceptance Is Effected by Mailing a Letter Containing It to the Buyer.**

3. The acceptance becomes effective when a letter containing an acceptance of the order is duly deposited in the post office for transmission to the person who gives the order.

**Parol Evidence Is Inadmissable to Vary Terms of an Accepted Order.**

4. Parol evidence is not admissible to show that the contract is different from that contained in the accepted order.

**Written Contract May Be Modified Orally if Modified Agreement Is Executed.**

5. Parties to a contract can, by consent, orally modify or waive the terms of a written contract, if such modified contract is executed.

**Delivery of Property Under Terms of Contract — Waiver.**

6. Where a written executory contract of sale specifies the terms, under which delivery shall be made, delivery is not shown as a matter of law by pointing out the property in a deliverable condition, nothing being said or done to show a waiver of some of the conditions under which delivery was to be made and the title was to pass.

**Intention Determines Delivery.**

7. The intention of the parties at the time that delivery is claimed determines whether delivery was made or not.

**Evidence — Delivery.**

8. The evidence in the case considered, and *held* not to show a delivery of the property as a matter of law.

**General Agent.**

9. A general agent of a machine company, whose authority is not in writing, is a competent witness as to what authority he has.

Appeal from District Court, Foster county; *Glaspell, J.*

Action by Reeves & Co. against John Bruening. Judgment for plaintiff and defendant appeals.

Reversed.

*White & Craven* and *Morrill & Engerud,* for appellant.

Plaintiff cannot recover without proof that sale was executed and title passed. Section 4987, Rev. Codes 1899; Benjamin on Sales, section 1117; Mechem on Sales, section 1665.

If the sale is not consummated, and no title passes, plaintiff must seek his redress under sections 4988 and 5009, Rev. Codes 1899. Tufts v. Grewer, 22 Atl. 382; Greenleaf v. Gallagher, 45 Atl. 829; Mechem on Sales, section 1689.

The evidence only shows a proposal revoked before acceptance. Order was left with Chaffee Bros. & Co. for transmission, Aug. 17, 1903. It could not reach Reeves & Co. before Aug. 18, 1903. The letter of acceptance was not mailed until Aug. 18th or 19th. The letter revoking the order was mailed Aug. 17th. If leaving the order with Chaffee Bros. & Co. was a delivery, such order on its face was a mere proposal to buy, and could not become a contract until accepted. Section 3836, Rev. Codes 1899, Subdiv. 2; section 3841 Rev. Codes 1899; Mechem on Sales, section 217 et seq.; Benjamin

on Sales, section 38; McCormick Harv. Mach. Co. v. Richardson, 56 N. W. 682; Durkee v. Schultz, 98 N. W. 149.

The proposal itself prescribed that acceptance should be by the home office and communicated by it. No other acceptance was binding. Rev. Codes, section 3858; Mechem on Sales, section 239; Benjamin on Sales, 54; Eliason v. Henshaw, 4 Wheat. 224, 17 U. S. 224, 4 Sup. Ct. Rep. 556; Carr v. Duval, 14 Peters, 77, 10 Sup. Ct. Rep. 361; Durkee v. Schultz, 98 N. W. 149.

If the evidence showed an executory contract of sale it did not show an executed one. The essential condition to an executed contract of sale is a transfer of title to the thing sold. Woodbury v. Long, 8 Pick. 543; Council Bluffs Iron Works v. Cuppey, 41 Iowa 104.

Readiness and willingness to deliver does not make a delivery, much less a transfer. Woodbury v. Long, 8 Pick. 543; Council Bluffs Iron Works v. Cuppey, 41 Iowa, 104; Tufts v. Grewer, 22 Atl. 382; Greenleaf v. Gallagher, 45 Atl. 829.

Delivery and transfer are largely matters of intention of parties. Especially is this true where there is no change of possession. Change of title is a fact to be inferred from facts and circumstances. Mechem on Sales, sections 3, 4, 477 et seq. and 546, 547 and notes; Foster v. Ropes, 111 Mass. 10; Benjamin on Sales, section 309 and notes.

*H. R. Turner,* for respondent.

The written appointment of Weego, the general agent, only provided for his salary and the length of his service and did not specify his duties. It was competent for him to testify as to these. Mechem on Agency, section 102; Perry v. Hedrick, 98 Am. Dec. 774; Gould v. Norfolk Land Co., 57 Am. Dec. 50.

Parol evidence of a prior agreement may be received by the court to place itself in the situation of the parties to a written instrument and to identify the subject matter. 2 Jones on Evidence, section 455. The testimony of a subagent is also competent. Dunham v. Gill, 48 Ill. 151.

Revocation of an order is of no effect until brought to the mind of the person to whom the offer was made, and a revocation by mail does not operate from the time of posting. Beach on Contracts, section 39.

The delivery of goods without insisting on a condition, thereby making it an unconditional delivery, waives any contract antecedently made.   Chapman v. Lathrop, 16 Am. Dec. 433.

When the condition is waived by the vendor of personal property, the property will vest in the vendee.   6 Am. & Eng. Enc. Law (2d Ed.) 474; Smith v. Dennis, 17 Am. Dec. 368; C. Aultman & Company v. Silha et al., 55 N. W. 711.

MORGAN, J.   This action is brought to recover the purchase price of a steam threshing outfit, consisting of an engine and separator and all other necessary parts to make the outfit complete.   The complaint contains the following allegations, after a particular description of the property, viz.:   "That afterwards, on the 17th day of August, 1903, the defendant purchased of the plaintiff, by his unconditional order in writing, the above-described personal property for the sum of $3,100; that by virtue of the terms of said written order and sale the defendant agreed to pay to the plaintiff the aforesaid $3,100 by delivering a proper and sufficient mortgage   *   *   *'   and execute five promissory notes.   [Here follows description of notes.]   That by virtue of the further terms and conditions of said written order defendant agreed to pay the freight on said property from Columbus, Indiana, to Carrington, North Dakota, which freight was and is the sum of $262.   That on or about the 17th day of August, 1903, said property and machinery was complete and ready for delivery at Carrington, North Dakota, and on said day the plaintiff, through its agents, Chaffee Bros. & Co. of Carrington, North Dakota, sold and delivered to the defendant all of the above foregoing described property.   That the plaintiff has demanded the foregoing notes and mortgage for the purchase price of said property and machinery, together with the $262 freight thereon, all of which the defendant refuses to execute and deliver, and refuses and neglects to pay the freight on said property, or any part thereof, as above stated.   That by virtue of the terms and conditions of said written order and sale of said property, and on account of the failure of said defendant to execute and deliver said notes and to pay the freight hereinbefore set forth, the plaintiff had the right to declare the entire purchase price of said property due and payable, and the plaintiff has so elected and declared the said purchase price of said machinery now due."   The answer alleges, in effect, that there was no perfected sale of the property in question; that defendant proposed in writing

to buy the threshing outfit, but before the same was accepted by the plaintiff defendant withdrew his proposition of purchase. And defendant further denies generally all the allegations of the complaint. The trial court directed a verdict for the plaintiff for the price of the property specified in the contract and for the freight agreed to be paid, being in all for the sum of $3,416.75. The defendant appeals from the judgment and specifies errors of law in the admission of testimony and error in directing a verdict.

The errors relied on may be considered under three divisions: (1) Admissibility of certain evidence of conversations between the parties before the written contract was entered into; (2) admissibility of certain evidence as to the authority of the general agent of the plaintiff, who was acting under a written contract; (3) insufficiency of the evidence to justify a direction to the jury that, as a matter of law, the sale was an executed sale, or in directing the jury as a matter of law that there was a delivery of property to the defendant.

The evidence is practically uncontradicted, and is substantially as follows: On August 17, 1903, the defendant, Bruening, stated to the firm of Chaffee Bros. & Co., the plaintiff's local agents at Carrington, N. D., at their office in said city, that he was now ready to buy the threshing rig if terms could be agreed on. There had been conversations between the agents and the defendant in regard to such purchase before. They talked over the price and terms of payment on this day, and during such talk Mr. Chaffee talked with Mr. Weego, the company's general agent at Fargo, over the telephone, and stated to him the price and terms proposed by the defendant. Weego stated that the defendant ought to pay certain sums that fall. The defendant said he could not, and Chaffee so repeated his answer to Weego, who then accepted the offer of the defendant and told Chaffee to let him have the rig. Chaffee told the defendant what Weego said, and further told him: "Mr. Weego accepted the offer, and the rig was his, and Mr. Houlihan will draw up the contract in accordance with our talk. * * * You can take the rig at any time." Immediately after this conversation over the telephone an order was drawn up and signed by the defendant, and sent by mail to Fargo, to the general agent, Mr. Weego. This order for the rig provided that it was taken subject to the approval of Reeves & Co., and contained a description of the property, price and terms of payment, and contained a provision that the title

to the property should remain in Reeves & Co. until paid for in full, and that the freight was to be paid and settlement made by paying cash or giving notes at the time defendant received the property under the contract. This order was immediately sent by mail to the company's offices at Fargo, and on August 18th was accepted by letter to the defendant from Mr. Weego, and the letter mailed before 6 o'clock a. m. of August 19th. In this letter the general agent stated that the order was acceptable, and that settlement papers had been prepared and sent to Chaffee Bros. & Co. On August 17th, in the afternoon, the defendant attempted to countermand and revoke the order that he had previously signed that day, and wrote Chaffee Bros. & Co. at Carrington and Reeves & Co. at Fargo that he cancelled the order. He had ever since refused to accept the machine and to settle therefor by giving the notes and security provided for by the contract. Before these letters were written, and right after signing the order, it is claimed by respondent that the machine was delivered to the defendant. It is also claimed by respondent that the terms of the written order were modified, and that it was understood between the parties that the order was given and received in reference solely to the rig then on hand at Carrington. It is also claimed that the terms of the order as to transfer of title, delivery and settlement were all waived, and that unconditional delivery was made without complying with any of the terms of the order as to these matters. The evidence upon the question as to the delivery of the machine is as follows: That Chaffee stated to·the defendant at the close of the conversation over the telephone with Weego, "The rig is yours; you can take it at any time," and other similar statements; that afterwards the defendant and the witness Houlihan, an agent of plaintiffs, had the following conversation at or near the machine: "After we had written up the written contract, he wanted to know if the machine was ready to take out, and everything with it. I told him, as far as I knew, everything that came with the machine was there, and we went and walked up to it, and stepped up on the wheel of the water tank and looked over the tools, and I unlocked the tool box, and he looked them over, and he said he wanted to take it home on Saturday, and I told him there was water in the engine, and everything was ready to start up." Under the facts as set forth it is claimed by respondent that: (1) The contract entered into was an executed one, and passed the title to the property by virtue of the acceptance

by Weego of the terms and conditions of the sale over the telephone; (2) there was an actual delivery of the rig to defendant, even if the contract be executory.

The cause of action as set forth in the complaint is upon the written order and the delivery under it. The written order is pleaded, and its terms relied on for judgment for the price of the rig, for the reason that defendant refused to pay the freight and to execute notes and a mortgage as agreed to in the order. The written order and its acceptance form the contract entered into by the parties. Prior or contemporaneous negotiations in reference to the terms of the contract cannot be considered in determining what the contract is, as all such negotiations are deemed to have been incorporated therein, and are superseded by such written contract. Section 3888, Rev. Codes 1899. This provision of the code applies in its full extent in this case, as the facts do not bring it within the rule established by cases that oral declarations may be considered when the written contract is ambiguous, or is silent upon the subject of an additional agreement. Mott v. Richtmyer, 57 N. Y. 49; Brown v. Russell, 105 Ind. 46, 4 N. E. 428; Brewster v. Potruff, 55 Mich. 129, 20 N. W. 823. In this case the written order deals with a rig to be shipped from Columbus, Ind. It provides that the order is taken subject to approval by Reeves & Co. The written contract provided that delivery was not to be made before settlement for the machine. It provided that the title to the property remained in Reeves & Co. until paid for. Plaintiff endeavored to show by Chaffee's evidence that the contract was modified in these particulars by waivers prior to the execution of the order, and by statements and declarations of the parties showing that an immediate delivery was made and contemplated by the parties. The terms of the contract, as made by the written order, followed by the acceptance, cannot be changed by such conversation or declaration. The contract cannot be modified or varied by parol evidence of what happened during the negotiations. The contract thus entered into was executory in every particular. The notes were to be executed, secured by mortgages; freight charges were to be paid in cash; the title remained in the seller; possession was not given to the purchaser until the property was paid for in cash or settlement made by notes; and in no sense or particular was the contract as entered into an executed contract or sale. The defendant could not compel delivery to him unless he had paid the freight and tendered the notes. The accept-

ance of the order did not constitute the transaction a sale as a matter of law. Parsons on Cont. vol. 1 (9th Ed.) p. 529. From the contract it therefore plainly appears that neither the title was to pass nor delivery be made until these conditions as to settlement were complied with. Whether the order be deemed to have been accepted by mail or by authority of Weego to Chaffee over the telephone, it was not revoked before acceptance. There can be no revocation after acceptance, as the contract is entered into by such acceptance. Section 3862, Rev. Codes 1899; Hawkinson v. Harmon, 69 Wis. 551, 35 N. W. 28. The plaintiff cannot plead the order and unconditionally rely upon it for a recovery, and at the same time claim a parol modification of it made before its acceptance. After acceptance of the order the contract could be modified by consent if the modified contract was executed. The parties could agree that the defendant would take the machine then on hand in place of the one to be shipped under the terms of the order, and delivery could be agreed upon without executing papers or paying freight, and oral proof given in respect to such modified contract, if followed by delivery. Section 3936, Rev. Codes 1899.

It is contended that Weego had no authority to accept the order, and that it was error to admit his testimony to the effect that express authority had been conferred on him to accept orders for machines. He was general agent for the plaintiff company in this state. His powers or duties as agent were not reduced to writing. He was a competent witness to testify what his authority was. Section 102, Mechem on Agency, and cases cited; Piercy v. Hedrick, 98 Am. Dec. 774; vol. 2, Greenl. Evi. (16th Ed.) section 63.

So far as the attempted revocation is concerned, it is immaterial whether the acceptance was by letter or by parol. In either case the acceptance was before a revocation was communicated to the company or to any of its agents. Section 3862, Rev. Codes 1899. In either case such acceptance mutually bound the parties to the contract. Contracts entered into by acceptance of an offer cannot be modified by showing by parol a different contract, any more than any other explicit contract can be so modified. Hooker v. Hyde, 61 Wis. 204, 21 N. W. 52; McCormick Harvester Co. v. Markert, 107 Iowa, 340, 78 N. W. 33.

It now remains to be determined whether, as a matter of law, there was a transfer of the title and a delivery to the defendant on the day the order was signed. On plaintiff's part it is claimed that

the oral acceptance of the order by Weego, with a direction to Chaffee to let defendant have the machine, followed by telling defendant that he could have the machine at any time, and the machine being in condition for delivery, and defendant stating that he would want it on Saturday, with defendant's inspection of it as stated heretofore, constituted a delivery. On a valid sale of such property, this would probably be a sufficient delivery between the parties. But whether this is so under a written contract for a sale, stipulating under what conditions delivery shall be made, and under what conditions the title shall pass, is a different and more difficult question. To say that there was a change of title and a delivery of possession presupposes that the original order was, by consent, modified, so that the defendant was to accept a rig then on hand in place of one to be shipped from Indiana, and presupposes the further fact that the plaintiff waived all of the conditions of the written contract as to payment of freight and settlement by notes and mortgages. We cannot agree with the trial court that such facts were shown as a matter of law. This involves the question whether it appears from the facts that it was then the intention of the parties that the machine was then and there unconditionally delivered to the purchaser, and whether it was the intention of the seller then and there to waive all conditions precedent to delivery, as stated in the contract. Does the evidence conclusively show that the seller manifested by his words or conduct an intention to waive all security and rely upon the personal responsibility of the purchaser for the payment of the price? We do not think that the evidence in the case warrants such a conclusion. During the negotiations, nothing had been said that freight charges were not to be paid, nor was anything said that title should not remain in the company; nor was anything said at the machine, or before, that plaintiff delivered the machine to defendant or words to that effect. What was there done and said is not inconsistent with the fact that it was simply an examination to ascertain if the machine was in shape for delivery when delivery was to be made. We think the evidence insufficient, as a matter of law, to show that such was then the intention of the parties. This question as to the intention that delivery was then made, and whether plaintiff waived, and then intended to waive, the terms of the order as to settlement notes, payment of freight, and other provisions, is to be determined by what was said and done at the time it is claimed delivery was made, together with other circumstances subsequent

or prior thereto that will throw light on the question as to what was then the intention and understanding of the parties as to delivery and waiver.   The intention of the parties at the time that delivery is claimed determines whether delivery was made or not.   Mechem on Sales, vol. 1, section 552, and cases cited; Leavitt v. Rosenthal (Sup.) 84 N. Y. Supp. 530; Gibson v. Chicago Packing Co., 108 Ill. App. 100; Paul v. Reed, 52 N. H. 136; Witte v. Reilly, 11 N. D. 203, 91 N. W. 42.

The court directed a verdict for the contract price.   Plaintiff has not conclusively brought itself within section 4987, Rev. Codes 1899, providing that the detriment caused by a breach of the buyer's contract to accept and pay for personal property, the title to which has vested in the buyer, shall be deemed to be the contract price.   Unless there was an unconditional change or transfer of the title, the contract was not fully executed, and the measure of damages laid down in section 4987, supra, does not prevail.   In this case there was a refusal to receive the property, and plaintiff would have a remedy under section 4988, Rev. Codes 1899.   Stanford v. McGill, 6 N. D. 536, 72 N. W. 938, 38 L. R. A. 760; Minn. Thresher Mfg. Co. v. McDonald, 10 N. D. 408, 87 N. W. 993.   The complaint sets up a cause of action for the price of property sold and delivered.   The facts do not conclusively show a sale or a delivery.   The facts show only a contract for a sale.   It is claimed by respondent that the transaction became an actual sale at the moment the general agent accepted the order and authorized the local agents to let the defendant have the machine; in other words, that it became an oral sale, followed by delivery.   The delivery necessary to satisfy the statute of frauds must be of a different character than in cases of sales not within the statute.   To satisfy the statute of frauds, there must be delivery and acceptance of the property.   Delivery alone will not suffice.   Dinnie v. Johnson, 8 N. D. 153, 77 N. W. 612, and cases cited.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings.   All concur.