## Star Union Line v. Boston Medical Institute.

### Gen. No. 12,313.

1. CONTRACT—*what sufficient acceptance of proposition to complete.* The delivery to a carrier of the merchandise for which an offer of purchase is made, is a sufficient acceptance without more to complete the contract.

2. CONSIGNEE—*when title passes to.* The delivery by the consignor to a carrier of merchandise to be delivered to the consignee, passes title from the former to the latter.

Action on the case. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed, with finding of facts. Opinion filed April 10, 1906.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $306.04 recovered against it by appellee in the Circuit Court, in an action on the case. The declaration alleged that the plaintiff, a corporation, delivered to the defendant, a common carrier of freight, at Chicago, on June 8, 1901, three boxes, containing a large number of letters, to be by it carried from Chicago to New York and there delivered to one E. R. Hibbard; that said letters were the property of the plaintiff and were through the negligence of the defendant wrongfully delivered to a person doing business in New York under the name "Men of Letters," etc.

A short time before June 8, 1901, appellee received from one Smith, a dealer in letters, who carried on business at 595 Broadway, New York, under the name of "Men of Letters," an offer of $30 per thousand for a large number of letters which appellee had received in answer to its advertisements from sick and ailing persons in different parts of the country. Upon the receipt of this offer appellee by its treasurer put the letters in three boxes marked, "Men of Letters, 595 Broadway, New York," and sent the boxes, June 8, 1901, by a drayman from its office in Chicago to the receiving room of appellant in Chicago, where they

were delivered to appellant for carriage to New York and delivery there to "Men of Letters." Appellant gave to the drayman for appellee the following receipt for said boxes:

"BOSTON MEDICAL INSTITUTE.

By the —————————— following articles in good order, to be delivered in like order, as addressed, without unnecessary delay. All packages subject to charge for cooperage if necessary.

No. ———, E. R. Hibbard,          CHICAGO, Jun 8, 1901.
Marks and                     Description
Consignee.      No. Pkgs.      of Articles.      Weight.
Men of Letters.               3 Boxes Paper.      350.
   595 Broadway,
      New York City,          108–8 28–11928.
         N. Y.
   Original.          Pr. N. Y.

Received at Van Buren St., Freight Station, Jun 8, 1901, subject to the rules of the Star Union Line's (Penna. Co.) Bill of Lading, to be issued by Wm. Borner, Agent, S. W. corner Jackson & Sherman streets.

FRED W. BELZ, Agent."

This receipt was on the day it was issued, which was Saturday, taken by the drayman to the office of appellee.

The treasurer of appellee testified in part as follows: "Upon an offer by the 'Men of Letters' in New York of $30 a thousand, I ordered three boxes of letters shipped to New York. * * * After thinking the matter over on Sunday I concluded I had not done the right thing by my company in permitting them to go for that price." * * * The treasurer of appellee on Monday took said receipt to the office of appellant and told the clerk of appellant that he did not want said boxes delivered to "Men of Letters in New York," and at his request said clerk then caused to be issued and delivered to appellee the following bill of lading:

"BILL OF LADING, No. 11,321.

CHICAGO, ILL., 6–8, 1901.

Received from B. M. I. the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned and destined as indicated below, which the Star Union

Line agrees to carry to the said destination, if on the Pennsylvania R. R. system, otherwise to deliver to another carrier on the route to said destination.

Upon all the condititions, whether printed or written, herein contained, it is mutually agreed that the rate of freight from Chicago, Ill., to New York, is to be in cents per 100 lbs.

| Marks, consignee and destination. | Description of Articles. | Weight. (Subject to correction.) |
|---|---|---|
| E. B. HIBBARD, 395 Broadway, N. Y. New York." | 3 bxs. paper. | 350 lbs. |

(Here follow certain conditions, numbered from 1 to 11 inclusive.)

Bill of lading is signed,

WM. BORNER, Agent.

per Eden.

Across the face of the bill of lading is the following indorsement, to wit:

" This bill of lading is issued in lieu of a duly stamped memorandum receipt for same shipment of goods now on file in the company's office."

The boxes were carried by appellant to New York and delivered to Smith, who, as has been said, did business under the name " Men of Letters." The letters were counted by him and the number of letters in the boxes found to be 12,995. Smith paid to appellee July 12, 1901, and appellee accepted from him $339.85 in payment for the 12,995 letters, so received by him from appellee at the agreed price of $30 per thousand, and afterwards, on August 18th, appellee brought this suit.

GEORGE WILLARD, for appellant.

LEONARD GOODWIN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Smith made to appellee an offer of $30 per thousand for the letters in question. Upon the receipt of this offer appellee, on June 8, 1901, delivered the letters to a carrier to be forwarded to Smith. This was an acceptance of Smith's

offer by appellee and no other .acceptance or notice was necessary to complete a contract for the sale of the letters by appellee to Smith. McCormick H. M. Co. v. Markert, 107 Iowa, 340; Story on Sales, Sec. 131.

Upon the delivery in Chicago of the letters by the seller to a carrier to be forwarded to the buyer at New York, the property in the letters passed from the seller to the buyer, and no act of the seller, or carrier, or agreement between them, done or made after the delivery of the letters to the carrier, could annul the sale of the letters, or pass the property in the letters back from the buyer to the seller. The letters were not, therefore, when the bill of lading was issued to appellee on June 10th, in lieu of the receipt given appellee for the letters on June 8th, the property of appellee. Ap-. pellant carried the letters to New York and delivered them to the person there to whom they were consigned by appellee when delivered to appellant for carriage and delivery on June 8th. That consignee was the purchaser of the letters from appellee, and before this suit was brought he paid appellee the price agreed upon between him and appellee for the letters, and appellee accepted such payment. The delivery of the letters to such consignee and purchaser, under the facts disclosed by the record, was not, in our opinion, wrongful, but proper.

The judgment of the Circuit Court will be reversed with a finding of facts.

*Reversed with finding of facts.*