## BARTLE v. CURTIS.

1. **Vendor and Vendee:** CONTRACT TO CONVEY: PRIOR BOND FOR
DEED AND JUDGMENT LIENS: ENFORCEMENT OF CONTRACT. Plaint-
iff contracted to convey to defendant on certain terms (among which
was the payment of the money sought to be recovered in this action) a
half interest in certain land. But prior to the date of such contract he
had executed a bond for a deed for the land to one B., which bond was
of record, and there were judgments against B. which had attached as
liens on his equitable interest in the land, under Code, § 2882. The
bond, however, contained a clause making time the essence of the con-
tract, and therefore plaintiff had the option to declare B.'s rights for-
feited, on account of his failure to pay as stipulated; but plaintiff had
not exercised his option as the time of making the contract with defend-
ant. Defendant, upon learning of the bond and the judgments, aban-
doned the premises (of which he had taken possession,) and refused to
comply with the contract on his part. *Held* that defendant was entitled
to a good and perfect title under the contract, and that, since plaintiff
could not make him a good title, he had a right to treat the contract as
rescinded, and that plaintiff could not recover the money part of the
consideration which defendant was to pay.

*Appeal from Buchanan District Court.*

MONDAY, DECEMBER 21.

ACTION AT LAW. Trial before a jury. The court directed
the jury to find for the defendant. The plaintiff appeals.

*Lake & Harmon*, for appellant.

*Woodward & Cook*, for appellee.

SEEVERS, J.—The undisputed facts are that in 1875 the
plaintiff, being the owner of certain real estate, executed to
Ransom Bartle a bond, which was duly acknowledged and
recorded, whereby the plaintiff agreed to convey said real
estate to Ransom Bartle, provided the latter paid a note, due
in 1877, which he had executed to the plaintiff. The bond
contained a provision in these words: "But should the note,
interest and taxes above mentioned not be paid by the time

they become due, then I (the obligor) have the right to declare this agreement null and void without notice, time being of the essence of this agreement." In 1874 judgments were obtained against Ransom Bartle in the district and circuit courts, which remain unsatisfied. In 1880 the plaintiff and defendant entered into a contract, whereby the latter agreed to erect, on a portion of the real estate which the plaintiff had contracted to convey to Ransom Bartle, certain buildings, and, when the same were completed, the plaintiff agreed to convey a certain portion of the real estate to the defendant, and thereafter the plaintiff and defendant were each to own an undivided one-half of the premises, including the buildings. The defendant also agreed to pay the plaintiff a certain sum of money in consideration of the conveyance of the real estate; to recover which is the object of this action.

The defendant took possession of the premises, and commenced the erection of the buildings, but, upon being informed of the existence of the bond and judgments, he abandoned possession of the premises, and declined to erect the buildings. There was evidence tending to show that Ransom Bartle did not comply with the conditions of the bond on his part, and that he relinquished the possession of the premises to the defendant at the time the latter contracted with the plaintiff. The only material error assigned which is discussed by counsel is whether the court erred in directing the jury to find for the defendant, and this depends on the question whether the plaintiff is entitled to recover.

Under the contract, the defendant was entitled to a good and perfect title to the real estate upon compliance therewith on his part, and under the Ransom Bartle bond the plaintiff had the right to declare it null and void upon a failure on the part of Ransom Bartle to comply with its conditions on his part. There is no pretense that any such election was made, unless the contract entered into with the defendant amounted to and should be regarded as such election. Ran-

som Bartle, under the bond, acquired an equitable title to the real estate, on which the judgments against him became enforceable liens. Code, § 2882, and subd. 8 of section 45; *Harrison v. Kramer*, 3 Iowa, 543; *Bridgman v. McKissick*, 15 Id., 260. The liens or incumbrances existed at the time the contract with the plaintiff was entered into. Ransom Bartle's bond, it is true, had not been complied with by him, but it was in full force at that time. Now, conceding that the contract entered into by the defendant should be regarded as an election by the plaintiff to declare the Ransom Bartle bond as forfeited and void, was this in time? The forfeiture or right of election occurred, if at all, at the time Ransom Bartle failed to comply. The option to so declare it was not then exercised; the bond, therefore, continued to be in force. At the time the contract between plaintiff and the defendant was entered into, had Ransom Bartle tendered the money due on the land, that he could have successfully maintained an action for specific performance against both plaintiff and defendant, there can be no doubt. *Hall v. Delaplaine*, 5 Wis., 206. The defendant was charged with constructive notice of the bond, and therefore the action could have been maintained against him. The judgment liens had prior to that time attached, and were then in full force and effect, and the holders of the liens could have enforced them against the property at any time prior to the time the contract between the plaintiff and defendant was entered into. As to this there is no doubt. Now, whether such liens could be enforced after that time possibly may be regarded as doubtful. At least, this is a favorable view for the plaintiff. The judgments remained in full force, and have never been satisfied. Now, was the defendant bound to comply with his contract, and assume the burden of having the cloud on the title removed? We think not. As the plaintiff was unable to make the defendant a good title, the latter had the right to treat the contract as rescinded. The defendant only obtained, under the contract, the possession of the real estate

which he surrendered to the plaintiff. We think the plaintiff was not entitled to recover, and therefore the court did not err in the direction given to the jury. *Burwell v. Jackson*, 9 N. Y., 535; *Delavan v. Duncan*, 49 Id., 485.

AFFIRMED.