HENRY J. LANGLEY *vs.* CHARLES DAURAY & another, executors.

Bristol. Oct. 26. — Nov. 23, 1887. C. ALLEN & KNOWLTON, JJ., absent.

An action against an executor, for breach of an agreement to purchase land, made by his testator, cannot be maintained, if there were defects in the plaintiff's title of such a kind that he was never in condition to perform his part of the contract, and the testator did not repudiate the contract, but the plaintiff granted delay at his request, and the term of such delay had not expired at his death, and no offer to carry out the contract was made to the defendant, and no demand made upon him before bringing the action.

HOLMES, J. This is an action for breach of an agreement to purchase land, made by the defendants' testator. It is conceded that there were defects in the plaintiff's title of such a kind that he was never in condition to perform his part of the contract; but it is contended that the testator repudiated the contract altogether, and thus exonerated the plaintiff from attempting to perfect his title, and waived all defects. We think it unnecessary to examine the details of the case, or to consider whether it falls within the principle of *Curtis* v. *Aspinwall*, 114 Mass. 187, 193, and that class of cases, because not only it does not appear that the testator repudiated the contract, but it appears affirmatively that the plaintiff granted delay at his request (" Langley yielded to Bedard's request for delay "); that the delay granted had not expired at the testator's death; and thus that the testator had never broken or refused to perform his covenant. See *Ballou* v. *Billings*, 136 Mass. 307, 308. No offer to carry out the contract was made to the defendants, and no demand was made upon them before bringing this suit. The ruling that the plaintiff was not entitled to recover was correct.

*Judgment for the defendants.*

J. M. Morton, for the plaintiff.

T. M. Stetson & H. A. Dubuque, (E. Higginson with them,) for the defendants.