## YOUNIE, BROWN & MARTIN V. R. P. WALROD, Appellant.

Land Sale: WARRANTY. Contract for sale of land which the purchaser knew the vendor had no patent to, though he was the owner of the land and entitled to patent, requires the purchaser to accept deed and abstract when tendered, if the abstract shows a perfect title, except as to the issuing of the patent; it being provided that he is to make payments at certain times, and that "good abstract and warranty deed" is to be furnished by the

vendor. Under such circumstances the seller cannot be compelled to furnish patent, but the purchaser must rely on the covenant of warranty.

EVIDENCE: *Parol variance.* A contemporaneous verbal agreement that the vendor will procure and have recorded a patent for the unpatented portion of the land, within sixty days from the date of the contract, is inadmissible, where the written contract simply requires the vendor to furnish a good abstract and warranty deed.

*Appeal from Ida District Court.*—Hon. S. M. ELWOOD, Judge.

MONDAY, JANUARY 24, 1898.

ACTION at law to recover an amount alleged to be due on a contract for the sale of real estate. When evidence had been fully submitted, a verdict for the plaintiff was returned by direction of the court, and a judgment was rendered thereon. The defendant appeals.— *Affirmed.*

*Charles C. Warren* and *Will E. Johnston* for appellant.

*Carr & Parker* for appellees.

ROBINSON, J.—On the eighth day of May, 1893, the defendant signed the contract upon which this action is brought, a copy of which is as follows: "Armour, S. D., May 8, 1893. I certify that I have purchased, subject to approval of the owner, the south half of section 6, Tp. 99, Rg. 63, for $4,160, as follows: Mortgage to be assumed, $1,300; on or before March 1, '94, at not over eight per cent., $1,360; cash, $1,500,—and have paid down $100 to bind bargain. Good abstract warranty deed to be furnished. Papers to be delivered at the office of Johnson Bros., Armour, S. D. R. P. Walrod." The contract was procured in behalf of the plaintiff by Johnson Bros., of Armour,

S. D., and was approved by the plaintiff. In the latter part of the month the defendant requested Johnson Bros. to forward the "deed and papers," when received, to John T. Hallam, at Ida Grove, Iowa. On the twenty-sixth day of June, the defendant wrote to one of the members of the firm of Johnson Bros., and offered him the one hundred dollars paid, and twenty-five dollars in addition, to secure a cancellation of the contract, but the offer was not accepted. In June, 1893, a deed for the land and an abstract were forwarded to Ida Grove for delivery, and on the tenth day of July the defendant wrote to Johnson Bros. that he would have them examined, and, if found correct, would send a draft in payment on the next day. The land described in the contract included two tracts known as lots 6 and 7, and the abstracts furnished did not show that a patent had issued for those tracts, nor for the east one-half of the southwest one-fourth of the section. The defendant objected to paying the amount for which his contract provided, and accepting the deed, until a patent for the unpatented land should be issued. Considerable correspondence followed between Johnson Bros., on one side, and the defendant and his attorneys, on the other. On the seventeenth day of August, 1893, the defendant informed the plaintiff that he was anxious to have the land, but would not close the transaction, in consequence of the alleged defect in the title. On the thirteenth day of February, 1894, the defendant informed the plaintiff that, on account of its failure to perfect the title within a reasonable time, he did not desire the land. The facts in regard to the title to which objection was made are as follows: The land had been taken as a tree claim, but the entry had been "commuted to cash," payment had been made, and a final receiver's receipt was issued in December, 1892. On the twentieth day of April, 1893, the title acquired by the person who entered the land was transferred to the plaintiff by a

warranty deed.    The entry of the land was approved
for patent on the second day of March, 1894, and a
patent was issued on the twenty-seventh day of the
same month, and was recorded in the proper county in
South Dakota on the fourteenth day of the next month.
On the ninth day of March, 1894, the plaintiff notified
the defendant that the land had been approved for
patent, and on the  thirtieth day of April, notified him
that the patent had been received, and that his contract
would be enforced.    He failed to perform his part of it,
and this action was commenced to recover the unpaid
portion of the contract price, and taxes paid on the land
since the contract was made.

I.    The defendant alleges that the writing we have
set out did not contain the entire contract of the parties;
that when the writing was signed it was verbally agreed
that the plaintiff should procure, and have prop-
erly recorded, a patent for the unpatented portion
of the land within sixty days of that date, and
should send it, with the deed and an abstract of title,
showing the patent, to the defendant; that the defendant
refused to sign the writing until the verbal agreement
was made, and relied upon that agreement in signing
the writing; also, that after the writing was signed and
the payment therein mentioned was made, and in con-
sideration thereof, the plaintiff orally agreed to obtain
the patent within sixty days, and send it to the defend-
ant.    The defendant submitted evidence which tended
to support the alleged verbal agreement, but on motion
of the plaintiff it was stricken from the record, and of
that ruling the appellant complains.    We think it was
correct.    The alleged verbal agreement was contempo-
raneous with the writing, and was in conflict with it.
That was an absolute undertaking to pay the amounts
of money specified at the times designated, and the
undertaking of the plaintiff was to furnish, at the office
of Johnson Bros., "good abstract and warranty deed."

The alleged verbal agreement sought to make the performance of the written contract depend upon a condition not contained in, and which was in conflict with the terms of, the writing. Therefore, proof of the verbal agreement was incompetent, and properly stricken from the record.

II. The chief controversy in this case is in regard to the title to the unpatented land, which the plaintiff held at and prior to the time the defendant attempted to rescind the contract. It is contended by him that the contract required the plaintiff to transfer a marketable title, and that, until the patent issued, the one it possessed was not marketable. It is the general rule that a contract to convey land by warranty deed, or by good and sufficient deed,—especially where the price to be paid is a fair equivalent for the property,—requires the conveyance of a good title. *Shreck v. Pierce,* 3 Iowa, 360; *Fitch v. Casey,* 2 G. Greene, 300; *Corbett v. Berryhill,* 29 Iowa, 157; *Bartle v. Curtis,* 68 Iowa, 202; *Easton v. Montgomery,* 90 Cal. 307 (27 Pac. Rep. 280; 25 Am. St. 123); Rawle, Covenants, section 32. That rule is not denied by the appellee, but it insists that it does not apply where the circumstances under which the contract is made show that the parties to it could not have contemplated the transfer of a perfect title, and that appears to be the law. In *Shreck v. Pierce, supra,* it was said that the rule does not apply to cases "where the vendee appears to be purchasing the vendor's title, such as it may be." It is said in 1 Warvelle, Vendors, 325, that "it has been held that where a purchaser knows when he makes his contract that there is a defect in the title, and it will take considerable time to remove it, or acquires his knowledge after the purchase, and acquiesces in the delay, or proceeds with knowledge of the defects in the

execution of the contract, he cannot thereafter complain." See, also, *Rader v. Neal*, 13 W. Va. 373; Godderis' Executors, 14 Grat. 102; *Golding v. Decker*, 3 Colo. 198 (32 Pac. Rep. 832); Warvelle, Vendors, 321. The defendant, by his own testimony, shows that he knew that the patent had not issued when he signed the contract. He states that he said at the time that, if the patent came within thirty or sixty days, he would be satisfied; but he was to pay one thousand five hundred dollars in cash, presumably when the deed and abstract were delivered, and not at the end of thirty or sixty days, when the patent should have been procured. One hundred dollars of the cash payment were paid when the contract was signed. It cannot be said that under these circumstances the obtaining of the patent was to be a condition precedent to the performance of the contract. No objection to taking a deed before the patent issued was made by the defendant, until after he had expressed a desire to be released from his contract, and had submitted the abstract to attorneys for examination. We are of the opinion, in view of the circumstances under which the contract was signed, and the language used in it, that, in legal effect, it required the defendant to accept the deed and abstract when tendered, if the abstract showed a perfect title, excepting as to the issue of the patent, and that the defendant was to rely upon the covenants of warranty contained in the deed, to indemnify himself against loss by reason of the non-issuance of the patent. The plaintiff was in fact the owner of the land, and entitled to the patent title. The general government, at most, held the legal title as trustee, and that title was duly transferred by patent in the ordinary course of the business of the general land office. The title of the plaintiff was perfected within a reasonable time, and the defendant should be held to the performance of his agreement. Since there was no conflict in the evidence which showed the facts

we have set out, the district court rightly directed a verdict for the plaintiff, and no objection is made to the amount for which it was rendered.

The appellee insists that its title was marketable when the contract was made, and before the patent was issued, but the conclusion already reached makes it unnecessary to determine that question. The judgment of the district court appears to be fully sustained by the evidence, and is AFFIRMED.