## McCULLOCH et al. v. BAUER.

### (139 N. W. 318.)

**Contract for sale of real property — dependent covenants.**

1. The covenants of a contract for the sale and purchase of property, wherein the vendors, for a stated consideration, agree to furnish the vendee with abstract for property sold, and to give to him a warranty deed for the same, and the vendee agrees to pay the purchase price on completion of inventory, construed and held to be dependent covenants.

**Dependent covenants — parol evidence of modification.**

2. In an action by the vendors against the vendee to recover damages for breach of a contract to purchase and pay for certain personal and real property, under which contract the covenants to sell and deliver title thereof, and to receive and pay for the same, are mutual and dependent covenants, *held*, that evidence of an oral modification or waiver by the vendee of the vendors' covenant to convey at the time designated in the contract was inadmissible for reasons stated at length in the opinion.

**Sale of real property — covenant as to warranty deed and abstract of title — waiver.**

3. A covenant by vendors to furnish to the vendee an abstract of title, together with a warranty deed for the property agreed to be sold, imports an undertaking on the vendors' part to convey a marketable title; and such covenant is in no way affected by the fact that the vendee had knowledge

Note.—The authorities on the question of the ability of a vendor to perform, as condition precedent to his enforcement of right to rescind or declare forfeiture, are discussed in a note in 3 L.R.A.(N.S.) 103.

On the question what constitutes "satisfactory title," within requirement of land contract or other agreement relating to land, see note in 18 L.R.A.(N.S.) 741. And as to what is marketable title, generally, see extensive note in 38 L.R.A.(N.S.) 3.

that the vendors' title was defective, or that they had no title; nor can such knowledge on the vendee's part be construed as a waiver by him of the binding force of such covenant.

**Contract for sale of real property — parol evidence to vary.**

4. In an action to recover damages as aforesaid, *held,* that evidence tending to show a parol agreement or understanding by the vendee to accept a warranty deed from plaintiffs with existing defects in the title is inadmissible as tending to contravene the well-settled rule that the terms of a written contract cannot be varied or contradicted by parol.

**Contract for sale of real property — parol evidence to vary.**

5. Evidence of conversations between the parties relative to the defective condition of plaintiffs' title, *held,* inadmissible for the purpose of showing an oral modification of the written contract. Under § 5382, Rev. Codes 1905: "A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise." Such statutory rule applied in the case at bar.

**Action for breach of contract by vendee — vendor's ability to perform.**

6. In an action by a vendor to recover damages for a breach of a contract by the vendee, it is incumbent upon the former to establish by competent proof that, prior to the commencement of the action, he was ready, able, and willing to fully perform on his part, notwithstanding the fact that the vendee had informed the vendor of his inability to carry out the contract on his part.

Opinion filed December 5, 1912.

Appeal by plaintiffs from a judgment of the District Court for Stuttman County, *A. G. Burr,* Special J., in defendant's favor in an action brought to recover damages for breach of a contract to purchase certain property.

Affirmed.

*Knauf & Knauf,* for appellant.

Defendant having refused to complete the deal on the ground that he "could not raise the money" to make the payment precludes him from thereafter raising or attempting to raise other objections or reasons for his failure to perform.   Johnson v. Oppenheim, 55 N. Y. 291; Morris v. Sliter, 1 Denio, 59; Mattock v. Kinglake, 10 Ad. & El. 56, 2 Perry & D. 343, 8 L. J. Q. B. N. S. 215, 3 Jur. 699; Donovan v. Judson, 81 Cal. 334, 6 L.R.A. 593, 22 Pac. 682; Harmon v. Thompson, 119 Ky. 528, 84 S. W. 572; Wasson v. Palmer, 17 Neb. 330, 22 N. W. 774; Schwartz v. Woodruff, 132 Mich. 513, 93 N. W. 1067; Converse v.

Blumrich, 14 Mich. 120, 90 Am. Dec. 230; Pike v. Butler, 4 N. Y. 360; Kenyon v. Knights Templar & M. Mut. Aid Asso. 122 N. Y. 247, 25 N. E. 299.

*Seiler & Aylmer* and *Thorp & Chase,* for respondent.

Vendor was to convey a marketable title. Warvelle, Vend. & P. § 419; 39 Cyc. 1442; Greenwood v. Ligon, 10 Smedes & M. 615, 48 Am. Dec. 775; Easton v. Lockhart, 10 N. D. 181, 86 N. W. 698; Brandenburg v. Phillips, 18 N. D. 200, 119 N. W. 543; Justice v. Button, 89 Neb. 367, 38 L.R.A.(N.S.) 1, 131 N. W. 736; Howe v. Coates, 97 Minn. 385, 4 L.R.A.(N.S.) 1170, 114 Am. St. Rep. 723, 107 N. W. 397; Brown v. Widen, — Iowa, —, 103 N. W. 158; Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365; Younie v. Walrod, 104 Iowa, 475, 73 N. W. 1021; Fagan v. Hook, 134 Iowa, 381, 105 N. W. 155, 111 N. W. 981; Weaver v. Richards, 144 Mich. 395, 6 L.R.A.(N.S.) 855, 108 N. W. 382; 8 Words & Phrases, 7404; Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868; Sherman v. Beam, 27 S. D. 218, 130 N. W. 442; Davis v. Jeffris, 5 S. D. 352, 58 N. W. 815; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837.

In order to render evidence of a subsequent parol agreement admissible to vary the terms of a written contract, it is necessary that such subsequent agreement be founded upon a consideration. Swan v. Drury, 22 Pick. 489; 17 Cyc. 736 and cases cited; 1 Beach, Contr. §§ 777–781; Barnard & L. Mfg. Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Broads v. Mead, 159 Cal. 765, 116 Pac. 46, Ann. Cas. 1912 C, 1125; Robinson v. Yetter, 238 Ill. 320, 87 N. E. 366.

The seller should not be compelled to part with his property without receiving a consideration, nor the purchaser to part with his money without an equivalent in return. 1 Beach, Contr. § 89; Davis v. Jeffris, 5 S. D. 352, 58 N. W. 815; Lester v. Jewett, 11 N. Y. 453; Kane v. Hood, 13 Pick. 281; Swan v. Drury, 22 Pick. 485; Williams v. Healey, 3 Denio, 363; Grant v. Johnson, 5 N. Y. 247; Dunham v. Pettee, 8 N. Y. 508; Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Glenn v. Rossler, 156 N. Y. 161, 50 N. E. 785; Bank of Columbia v. Hagner, 1 Pet. 455, 7 L. ed. 219; Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210; Parker v. Parmele, 20 Johns. 130, 11 Am. Dec. 253; Howe v. Mitchell, 17 Me. 85, 35 Am. Dec. 231; Shinn v. Roberts, 20 N. J. L. 435, 43 Am. Dec. 636; Johnson v. Jackson, 27

Miss. 498, 61 Am. Dec. 522; Stein v. Waddell, 37 Wash. 634, 80 Pac. 184; 39 Cyc. 1307, and cases cited; Ames v. Ames, 46 Ind. App. 597, 91 N. E. 509; Tripp v. Smith, 180 Mass. 122, 61 N. E. 804; Sennett v. Shehan, 27 Minn. 328, 7 N. W. 266; Jones v. Gardner, 10 Johns. 266; Kessler v. Pruitt, 14 Idaho, 175, 93 Pac. 965; 1 Warvelle, Vend. & P. § 113, and cases cited; World's Fair Min. Co. v. Powers, 12 Ariz. 285, 100 Pac. 957; Delaware Trust Co. v. Calm, 195 N. Y. 231, 88 N. E. 53; Martin v. Roberts, 127 Iowa, 218, 102 N. W. 1126; Webb v. Hancher, 127 Iowa, 269, 102 N. W. 1127; Runkle v. Johnson, 30 Ill. 328, 83 Am. Dec. 191; Powell v. Dayton, S. & G. R. R. Co. 14 Or. 356, 12 Pac. 665.

In order to charge one in damages for breach of an executory personal contract, the other party must show a refusal or neglect to perform at a time when and under conditions such that he is or might be entitled to require performance. 2 Warvelle, Vend. & P. § 935, p. 1113; Frazier v. Cushman, 12 Mass. 277; Hapgood v. Shaw, 105 Mass. 276; Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365; Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Cornett v. Best, 151 Mo. App. 546, 132 S. W. 35; Daniels v. Newton, 114 Mass. 533, 19 Am. Rep. 384; Boulware v. Crohn, 122 Mo. App. 571, 99 S. W. 796; Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 940; Dosch v. Andrus, 111 Minn. 287, 126 N. W. 1071; 2 Warvelle, Vend. & P. § 905; Rev. Codes 1905, § 6617; Loudenback Fertilizer Co. v. Tennessee Phosphate Co. 61 L.R.A. 402, 58 C. C. A. 220, 121 Fed. 298; Wood, C. & Co. v. Seurich, 5 Cal. App. 252, 90 Pac. 51; Cadwell v. Smith, 83 Neb. 567, 120 N. W. 130; Davis v. Jeffries, 5 S. D. 352, 58 N. W. 816; Delaware Trust Co. v. Calm, 195 N. Y. 231, 88 N. E. 53; Stein v. Waddell, 37 Wash. 634, 80 Pac. 185; Rev. Codes 1905, §§ 5245, 5254; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Webb v. Hancher, 127 Iowa, 269, 102 N. W. 1129; Martin v. Roberts, 127 Iowa, 218, 102 N. W. 1126; Easton v. Lockhart, 10 N. D. 181, 86 N. W. 702.

Where a contract, for any reason, is incapable of being enforced as against one party, it cannot be enforced as against the other. Black Hills Nat. Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1073; Brown v. Whiden, — Iowa,—, 103 N. W. 158; Justice v. Button, 89 Neb. 367, 38 L.R.A.(N.S.) 1, 131 N. W. 736; Kicks v. State Bank, 12 N. D. 576, 98 N. W. 408; Frazier v. Boggs, 37 Fla. 307, 20 So. 245; Smith v.

Taylor, 82 Cal. 533, 23 Pac. 217; Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 211.

When both parties are in default at the same time, neither can recover damages from the other. 2 Warvelle, Vend. & P. §§ 918, 925, 926; Kicks v. State Bank, 12 N. D. 576, 98 N. W. 408; Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 940; Reynolds v. Burlington & M. R. Co. 11 Neb. 186, 7 N. W. 737; Smith v. Cedar Rapids & M. River Co. 43 Iowa, 239; Bigler v. Morgan, 77 N. Y. 312; Dunham v. Pettee, 8 N. Y. 508; Chicago, B. & Q. R. Co. v. Cochran, 42 Neb. 531, 60 N. W. 894.

Fisk, J. Plaintiffs, who are the appellants, brought this action in the district court of Stuttsman county to recover from defendant and respondent damages in the sum of $6,150 and interest, for the alleged breach on defendant's part of a written contract entered into between the parties, by the terms of which plaintiffs agreed to sell to defendant, and the latter agreed to purchase from the plaintiffs, certain real and personal property in the city of Jamestown. Such contract is not very lengthy, and we deem it advisable to set the same out in full in this opinion. It is as follows:

Jamestown, North Dakota, April 28, 1910.

This agreement, made and entered into this day by and between John McCulloch and C. F. Mudgett, copartners as McCulloch & Mudgett, parties of the first part, and Otto Bauer, party of the second part, witnesseth:

That the party of the first part hereby agrees to sell to the said second party, and the said second party hereby agrees to purchase from the said first party, the lumber and fuel business operated by them at Jamestown, North Dakota, together with all stock of lumber and fuel, all horses (4), wagons, harnesses, all office furniture and fixtures, engine, saw and splitter, together with the following described real estate: Lots 1, 2, 3, 4, 5, 6, 7, and 8, block 31, original plat of Jamestown, North Dakota, lot 10, block 67, Klaus's second addition to Jamestown, North Dakota, at the following prices: Lots 1, 2, 3, 4, 5, 6, 7, and 8, block 31, together with all sheds, horses, and machinery, office furniture and fixtures, wood machinery, for the sum of twelve thousand five hundred dollars ($12,500).

24 N. D.—8.

Lot 10, block 67, as above, for the exact cost of said lot, together with the improvements thereon, this figure to be arrived at by bills to be submitted by John McCulloch. The stock of lumber to be sold and bought on the basis of the present wholesale list of same f. o. b. cars Jamestown, North Dakota, with 50c per M. to be added for handling; all other building material at the present wholesale price with handling charges added. All hard coal at $8.50 per ton, and other coal at present wholesale price.

Said stock to be invoiced on May 2, 1910, and possession to be given immediately on completion of inventory and settlement.

Said second party agrees to pay for said business, real estate, stock, etc., as follows: The sum of two hundred dollars ($200) on signing of this agreement; the balance of said purchase price on completion of inventory, except that the said John McCulloch hereby agrees to carry the sum of thirty-five hundred dollars ($3,500) on lot 10, block 67, aforesaid, on a first mortgage, for the period of three years at the rate of 7 per cent per annum.

Said first party agrees to furnish said second party with abstract for property sold, and to give said second party a warranty deed for the same.

Said first party further agrees to guarantee the cost of moving coal shed, engine house, office, and lumber shed, to not exceed the sum of two hundred dollars ($200), but reserves the right to cause same to be moved for. this amount in case said second party cannot. contract for this amount or less.

Said first party further agrees that the said second party shall have the option of taking such lumber as he shall decide on of the stock now purchased for the Jamestown yard, at the prices at which such material is bought, and said second party agrees to fill all unfinished estimates of said first party, at prices at which stock is sold him, said amounts to be deducted from inventory and duebill issued for same.

McCulloch & Mudgett, party first part,

By C. F. Mudgett.

Otto Bauer, party second part.

Witness, Erskine McCulloch.

Such contract is attached to the complaint and made a part thereof

by way of an exhibit, and it is in substance alleged in such complaint that plaintiffs have complied with the terms of said contract in every respect, and that prior to the commencement of this action they tendered to defendant a bill of sale of the stock of merchandise and other personal property, and a warranty deed, together with abstracts of title of all the real property, and they demanded from defendant the agreed consideration of $41,325.93 cash, and that he execute and deliver to them a note and mortgage for the sum of $3,500, as stipulated in the contract; and it is therein alleged that defendant neglected and refused to pay plaintiffs the sum aforesaid, or any part thereof, and that he refused to carry out the terms of such contract on his part. The answer admits the copartnership of plaintiffs and the execution of such contract, but denies the other allegations of the complaint. The answer then alleges, by way of separate defenses, a breach of such contract by the plaintiffs; fraud and fraudulent representations by them in inducing defendant to enter into the contract, and also a mutual mistake of fact avoiding the contract.

At the conclusion of plaintiffs' testimony, defendant's counsel moved for a dismissal of the action, which motion was granted. Thereafter judgment was entered dismissing the action, from which judgment this appeal is prosecuted.

Numerous assignments of error are set forth in appellants' brief, but it will not be necessary to notice them each separately. They relate principally to rulings of the court in excluding certain testimony offered by the plaintiffs tending to show a modification of the written contract, or a waiver by defendant of its provisions requiring plaintiffs to furnish marketable title to the real property at the time designated in the contract, and such assignments are discussed together in appellants' brief.

We are fully agreed that there is no merit in any of these assignments, and that the rulings complained of were correct in each instance, and the judgment must therefore be affirmed. Our reasons for such conclusion will be briefly stated.

While the written contract between the parties is very explicit, and discloses that the covenants to convey on the one part and to pay on the other part are dependent covenants, appellant sought to show at the trial an oral modification or waiver by defendant of plaintiffs' covenant to convey at the time mentioned in the contract, and this he

sought to show without any foundation in the complaint for such proof. The undisputed facts disclosed by the record are that plaintiffs did not have, even at the time of the trial in the court below, a merchantable title or any title to a portion of the real property which they agreed to convey, hence they were not in a position to enforce the contract as against this defendant, without showing such modification of the contract or waiver by him of its provisions in his favor. Appellants sought to show defendant's knowledge at the time of entering into the contract of the apparent defects in plaintiffs' title. Such proof was manifestly immaterial and irrelevant in the face of plaintiffs' covenant in the contract "to furnish said second party with abstracts for property sold, and to give second party a warranty deed for the same." It is well settled that such a covenant must be construed as requiring the vendor to convey a marketable title. Warvelle, Vend. & P. § 419; 39 Cyc. 1442; Greenwood v. Ligon, 10 Smedes & M. 615, 48 Am. Dec. 775; Easton v. Lockhart, 10 N. D. 181, 86 N. W. 698; Brandenburg v. Phillips, 18 N. D. 200, 119 N. W. 543; Justice v. Button, 89 Neb. 367, 38 L.R.A.(N.S.) 1, 131 N. W. 736; Howe v. Coates, 98 Minn. 385, 4 L.R.A.(N.S.) 1170, 114 Am. St. Rep. 723, 107 N. W. 397; Brown v. Widen, — Iowa, —, 103 N. W. 158; Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365; Younie v. Walrod, 104 Iowa, 475, 73 N. W. 1021; Fagan v. Hook, 134 Iowa, 381, 105 N. W. 155, 111 N. W. 981; Weaver v. Richards, 144 Mich. 395, 6 L.R.A.(N.S.) 855, 108 N. W. 382; 8 Words & Phrases, 7404; Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868; Sherman v. Beam, 27 S. D. 218, 130 N. W. 442; Davis v. Jeffries, 5 S. D. 352, 58 N. W. 815; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837.

Clearly defendant had a right to rely upon the express covenant of plaintiffs, even though he had knowledge that their title was defective, or that they had no title, and such knowledge on his part can in no manner be construed as any waiver by him of the binding force of such covenant. Even if the complaint had alleged such knowledge on defendant's part, and had even gone further and alleged a parol agreement or understanding that defendant would accept a warranty deed from plaintiffs with the existing defects in the title, such fact could not be proved, as the same would contravene the well-settled rule that the terms of a written contract cannot be varied or contradicted by parol.

Rev. Codes 1905, § 5333; Reeves & Co. v. Bruening, 13 N. D. 157, 100 N. W. 241; Swan v. Drury, 22 Pick. 485.

In the latter case it was said: "The plaintiff offered to prove thereby that, at the time of the making of the contract, the defendants knew of the encumbrance on the same by the mortgage to Mrs. Jennison, and that it was then understood and agreed that the mortgage should remain thereon. This evidence would have had a tendency to vary and contradict the terms of the written contract, and had no tendency to prove a subsequent waiver of the exception to the plaintiff's title. It was therefore clearly inadmissible."

Appellants also sought to prove conversations with defendant during the taking of the inventory, relative to the defective condition of the title to some of the property, presumably for the purpose of showing a subsequent oral modification of this written contract. Such offered proof was clearly inadmissible for several reasons. First. No foundation was laid in the complaint for proving any such subsequent oral modification. Second. There was no consideration shown for any such modification. And third. Under § 5382, Rev. Codes 1905, it is provided: "A contract in writing may be altered by a contract in writing or by an *executed* oral agreement, *and not otherwise.*" Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Reeves & Co. v. Bruening, supra, 13 N. D. 157, 100 N. W. 241. In Cughan v. Larson, supra, we quote the following from the third paragraph of the syllabus: "A written contract for the sale of real estate cannot be modified by an unexecuted oral agreement, although the modification pertains only to the performance of the contract." Moreover such offered proof was properly rejected, because under § 5332, Rev. Codes, an agreement for the sale of real property must be in writing and subscribed by the party to be charged or by his agent, and a contract required by the statute of frauds to be in writing cannot be modified or changed by a subsequent oral agreement or modification. This is well settled. Reiff v. Coulter, 47 Wash. 678, 92 Pac. 436; Downing Invest. Co. v. Coolidge, 46 Colo. 345, 104 Pac. 392; Bradley v. Harter, 156 Ind. 499, 60 N. E. 139; Grand Forks Lumber Co. v. McClure Logging Co. 103 Minn. 471, 115 N. W. 406; Culey v. Upham, 135 Mich. 131, 106 Am. St. Rep. 388, 97 N. W. 405.

As very tersely and correctly stated by respondent's counsel: "If

a contract required by the statute of frauds to be in writing could be modified by a subsequent, unexecuted, parol agreement, the whole object of the statute of frauds would be defeated. If the contract could be modified in one particular, it could be modified in every particular, and a new contract by parol substituted. This rule applies to the manner of the performance as well as to any other provision of the contract." See Cughan v. Larson, supra, 13 N. D. 373, 100 N. W. 1088; also Lawyer v. Post, 47 C. C. A. 491, 109 Fed. 512.

The theory of plaintiffs, both in their complaint and throughout the trial in the court below, was not that there had been a modification or waiver of the contract with reference to their covenant to convey a perfect title at the time of defendant's payment of the purchase price, but that the covenants of the parties were dependent, and that they were entitled to excuse nonperformance on their part by showing that defendant had knowledge of their inability to perform, and either expressly or impliedly waived such performance. They have apparently shifted their position in this court and assert the right to recover upon the theory of independent covenants. In other words, they here assert that defendant's promise to pay the purchase price of this property, amounting to about $45,000, is wholly independent of plaintiffs' promise to convey a marketable title to the property, and for an alleged breach by defendant of his said promise, plaintiffs here assert a right to recover large damages, although concededly they are not able to comply with the covenant on their part to furnish title. Appellant's contention is manifestly erroneous. The covenants in the contract are clearly dependent, and plaintiffs have wholly failed to show a valid modification or waiver of the provisions of the contract in this respect. Hence, in order to prove a cause of action against defendant, it was incumbent upon plaintiffs to establish, by competent proof, the truth of the allegations of their complaint to the effect that they, prior to the commencement of this action, were ready, able, and willing to fully perform on their part. No such proof was offered, and the trial court therefore correctly granted defendant's motion for a dismissal of the action. Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210.

Appellants' counsel seem to labor under the belief that because of defendant's statement to plaintiffs of his inability to raise the money necessary to complete the contract on his part, that proof of such

breach was all that was necessary to entitle plaintiffs to recover damages in this action. This, however, is clearly not the law. To entitle them to recover damages for such breach, it was incumbent upon them to show that they were ready, willing, and able to comply with the contract on their part, for manifestly it would be unjust to hold the defendant liable in damages when he could not have enforced specific performance from plaintiffs. We have examined the authorities cited and relied upon by appellants' counsel, and we do not deem them in point. The correct rule governing this case seems to be well settled. Such rule is correctly stated and the authorities cited in support thereof in 39 Cyc. 1983, as follows: "A vendor, in order to recover for a breach of contract by the purchaser, must himself have been able and ready to perform his part of the contract, unless his inability was due to some act of the purchaser; . . . Notwithstanding the circumstances may be such as to obviate the necessity of an actual tender or offer of performance, this fact does not dispense with the necessity of an ability and readiness on the part of the vendor to perform." Citing Bigler v. Morgan, 77 N. Y. 312; Booth v. Milliken, 127 App. Div. 522, 111 N. Y. Supp. 791, affirmed in 194 N. Y. 553, 87 N. E. 1115; Wells, F. & Co. v. Page, 3 L.R.A.(N.S.) 103 and note (48 Or. 74, 82 Pac. 856); Gray v. Smith, 28 C. C. A. 168, 48 U. S. App. 581, 83 Fed. 824; Langley v. Dauray, 145 Mass. 325, 13 N. E. 908; Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365, and other cases.

In Bigler v. Morgan, 77 N. Y. 312, it was, among other things, said: "However positively a vendee may have refused to perform his contract, and however insufficient the reason assigned for his refusal, he cannot be subjected to damages without showing that he would have received what he contracted for, had be performed." Citing Heron v. Hoffner, 3 Rawle, 393, 400; Bank of Columbia v. Hagner, 1 Pet. 464, 7 L. ed. 222; Traver v. Halsted, 23 Wend. 66.

It follows from what we have above said that the judgment appealed from is correct, and the same is accordingly affirmed.